196 *THOMAS BARTLETT, plaintiff in error, v. THOMAS RUSSELL, defendant in error.

(Atlanta, June Term, 1870.)

1. CLAIM—DEFENDANT IN FI. FA. IN POSSESSION OF PROPERTY—ORDER OF ARGUMENT.*—In a claim case, if the defendant in fi. fa. was in possession of the property levied upon, at the time of the levy, the burden of proof is upon the claimant, and he is entitled to the conclusion.

2. HOMESTEAD—LEVY FOR DEBTS OF HEAD OF FAMILY —REMEDY.†—When property is set apart under the homestead and

---

The principal case is cited in Cecil v. Gazan, 71 Ga. 636.

*CLAIM—DEFENDANT IN FI. FA. IN POSSESSION OF PROPERTY—ORDER OF ARGUMENT.—When it is admitted by the claimant and ascertained by the court, that the defendant in execution was in possession of the property at the date of the levy, the onus is upon the claimant to prove title, and the claimant has the right to open and conclude the case. Powell v. Westmoreland, 60 Ga. 572, citing the principal case.

"In a claim case where the entry of the sheriff upon the execution fails to state who was in possession, and a controversy arises as to the opening and conclusion of the argument, it becomes the duty of the court to inquire first as to the fact of possession; and if upon this preliminary investigation it appear that the defendant in fi. fa. was in possession at the time of the levy, the burden of proof will be cast upon the claimant and he would be entitled to the opening and conclusion. Bartlett v. Russell, 41 Ga. 196; Primrose v. Browing, 59 Ga. 69; Williams v. Hart, 65 Ga. 201." Lamkin v. Clary, 103 Ga. 636, 30 S. E. Rep. 596.

SAME — CONCLUSION OF ARGUMENT — BURDEN OF PROOF.—"Although we do not agree with the court below in the theory that the claimant admitted that a prima facie case was made for the plaintiff by the bare failure to move to dismiss the levy, or by introducing evidence on the part of the claimant, still, when claimant's counsel demanded the right of concluding the argument, and his demand was conceded, he was estopped, and the question of the onus was settled. By taking the conclusion, the claimant took the onus; for having, himself, introduced evidence, he was not entitled to the conclusion on any other terms. Code, § 3739. Bartlett v. Russell, 41 Ga. 196." Smith v. Haire, 58 Ga. 451.

†HOMESTEAD — EXECUTION FOR DEBT TO WHICH HOMESTEAD IS NOT LIABLE—HEAD OF FAMILY TRUSTEE

exemption laws of this state, for the benefit of a family, the head of the family may interpose a claim for their benefit, in case the property is levied upon, for his debts to which it is not subject. While trespass is a remedy in such case, it is not the only one.

3. SAME—SCHEDULE OF PROPERTY—FAILURE TO APPEAR AND OBJECT—COLLATERAL ATTACK.‡—The schedule filed by the applicant for homestead and exemption, should describe the personal property, with reasonable certainty. But if the creditor failed to appear and object, on the ground that the schedule was insufficient, and it gives a general description of the property, and no fraud or unfairness is alleged or shown, the creditor will not be permitted to attack the judgment of the Ordinary setting it apart, collaterally, in a claim case, on the ground that the schedule was not sufficiently descriptive.

Order of Argument. Claim. Homestead. Before Judge Snead. City Court of Augusta. November Term, 1869.

In December, 1868, Bartlett sued out a distress-warrant against Russell individually. In May, 1869, the sheriff levied said warrant "upon the stock in trade of the defendant and in his possession." Russell claimed the stock as next friend for his wife and children. When the cause was to be tried, the parties consented that the Judge should try it without a jury. The plaintiff's counsel claimed the right to open and conclude the case, but this was denied by claimant's counsel. The Court decided in favor of the latter. Counsel for plaintiff then moved to dismiss the cause because Russell could not assert the rights of his wife and children growing out of the Homestead Act of 1868, by a claim, but could only redress the wrong perpetrated by a levy on such property by an action of trespass against the sheriff. This motion was overruled.

The claimant's attorneys then offered in evidence the petition and order, showing the setting apart of certain articles therein named, under the Homestead Act, which order was *passed in November, 1868. A part of said property, as appeared by the record, was "eight hun-

FOR BENEFICIARY.—"When property which has been set apart as a homestead is levied upon, under an execution against the head of a family, founded upon a debt to the payment of which the homestead estate is not liable, the head of a family is such a trustee for the beneficiaries of the homestead that he may interpose a claim in their behalf and set up their rights under the homestead to have the property protected from sale. Bartlett v. Russell, 41 Ga. 196." Snelling v. American Freehold Co., 107 Ga. 854, 33 S. E. Rep. 634.

See Kennedy v. Juhan, 102 Ga. 150, 29 S. E. Rep. 188, citing the principal case to the same effect. See also, citing the principal case, Horton v. Summers, 62 Ga. 302.

‡SAME—SCHEDULE OF PROPERTY—FAILURE TO APPEAR AND OBJECT—COLLATERAL ATTACK.—"In Bartlett v. Russell, 41 Ga. 196, it was ruled that if the creditor fail to appear and object on the ground that the schedule was insufficient, the creditor will not be permitted to attack the judgment of the ordinary, setting it apart, collaterally in a claim case on the ground that the schedule was not sufficiently descriptive. We prefer to adhere to the spirit of the rulings made in these earlier decisions, as illustrative of the correct principles which we think control the case." Dunagan v. Stadler, 101 Ga. 480, 29 S. E. Rep. 440.

dred and fourteen dollars and fifty cents in his stock in trade, consisting of watches, jewelry of all kinds, fancy goods and such articles usually kept in a watchmaker's or jeweler's store, and fixtures for the same." This evidence was objected to, because said Homestead Act was unconstitutional as against debts due before its passage, and because "said Act did not apply to a stock of goods constantly changing in character and value, and because no schedule of the stock was filed in the petition," as shown by said record. The Judge said he would presume the Ordinary did his duty, would not review his proceedings in this way, and allowed the petition and order for exempting said property for the use of Mrs. Russell and her children to be read as evidence.

Russell then testified that the goods levied on were identically those set apart by said order, and that it was all the property he owned at the filing of said petition, except a due bill of one . . . . . . . which he then and there, in open Court, offered to plaintiff; that all the property levied on had been sold since the claim was filed, to one Long, who stood his security on the claim bond; that Long had paid him nothing for it, but was his friend, and he preferred Long; that plaintiff's debt was for house rent due in 1867, but plaintiff had sued him and he did not intend to pay plaintiff until he was ready to do so; that he was now carrying on business for Long. Here claimant's case was closed. Plaintiff's counsel read as evidence his distress-warrant, and it was admitted that the goods levied upon were, at the date of the levy in possession of defendant, and that he was still carrying on the business of a jeweler. Upon these facts the Court held the property not subject to the payment of said debt. Plaintiff's counsel say it was error to refuse him the right to open and conclude the cause, to refuse to dismiss the claim, to admit the record and to decide as the Court did.

Frank Miller, by W. N. Montgomery, for plaintiff in error: As to Order of Argument, cited Code, sec. 3686; *Rule 13. As to the Claim: 50 Rule; At October 3, 1868, sec. 10.

A. D. Piquet, by H. W. Hilliard, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

In this case the sheriff returns that he has levied the within warrant upon the stock in trade, of the defendant Russell, and in his possession. And the first question made by the record is, who was entitled to the conclusion of the argument. Section 3686, of the Revised Code declares, that "upon the trial of all claims provided for in this chapter, the burden of proof shall lie upon the plaintiff in execution, in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution. The party upon whom the burden of proof rests, is entitled to the conclusion; and it seems to rest upon the plaintiff in execu-

tion in all cases, except the single one, where the defendant in execution is in possession at the time of the levy. In that case the burden of proof rests upon the claimant, and we hold that he is entitled to the conclusion.

In the case at bar, the return of the sheriff shows that the defendant was in possession at the time of the levy. And it is proper that it should show in all cases, who is in possession. But if it should not, we think the first enquiry for the Court is to ascertain whether the defendant in execution was in possession at the time of the levy; if so, the claimant assumes the burden of proof and concludes; if not, the burden is upon the plaintiff in fi. fa. and he concludes. The old rule of Court said: "In all cases of claims as the burden of proof rests with the plaintiff in execution, he is entitled to the conclusion," etc. Then there was no exception. But the new rule is different. It says: "In all cases of claims where the burden of proof rests with the plaintiff in execution, he is entitled to the conclusion." Taking this rule and the section of the Code together, we think the proper construction is, that the plaintiff in execution is entitled to the conclusion in *all cases, except the single one, where the defendant is in possession at the time of the levy.

If the defendant is not in possession at the time of the levy, the burden of proof rests upon the plaintiff and he is entitled to conclude. And if he shows the defendant to have been in possession of the property levied upon, at any time since the rendition of the judgment, he makes out a prima facie case, and may stop there till the claimant shows title in himself, but he is still entitled to conclude, as he has assumed the burden of proof. The exception made by the Code and rule of Court to the general rule, was no doubt made in consideration of the fact that it is the sheriff's duty to show by his return, who is in possession of the property levied upon; and in that case the Court can see by an inspection of the return, whether the defendant was in possession at the time of the levy. But as the sheriff may sometimes neglect this duty, or the return may not show the fact, as in case of the possession of the defendant by his tenant or the like, we think when a claim case is ready for trial, the Court should first satisfy his mind on this point, and then direct the proceedings accordingly.

2. We see no reason why the head of a family may not file a claim for the benefit of the family, when property set apart under the Homestead and Exemption laws of this State is levied upon for the payment of any debt to which it is not subject. Trespass is a proper remedy in such case, but it is not the only one. The family are not obliged to wait till they are turned out by the sheriff under an illegal sale, and then sue for the damages. They may arrest the illegal proceeding by a claim, under our general laws on that subject.

3. It is the duty of the applicant for Homestead or Exemption, to file with the Ordinary a schedule, describing the personal property with reasonable certainty. And we think the Ordinary in this case should, as matter of practice, have required a more particular description. But as the creditor did not appear and file any objection on that ground, and as no fraud or unfairness is alleged or shown, we do not think this schedule so imperfect as to invalidate the judgment of *the Court of Ordinary, or to authorize the plaintiff to attack it collaterally on the trial of the claim case in another Court.

Nor do we think there is anything in the objection, that the property could not be set aside as exempt because it was not attached to the homestead, or necessary about a homestead of realty, etc. The Constitution makes no such exemption as the plaintiff in error contends for in this case.

Judgment affirmed.