WILLIAM H. McCRORY *et al.*, plaintiffs in error, *vs.* BENJA-
MIN MANES, trustee, defendant in error.

1. The Tax Receiver's book of the returns of taxable property, made
   out and returned as required under section 845 of the Revised Code, is
   admissible in evidence on the trial of an issue under the Act of Octo-
   ber 13th, 1870, as to the payment of taxes.
2. In an inquiry into the equities between the parties, under the Ordi
   nance of 1865, for the adjustment of Confederate contracts, the use
   which the defendant made of the Confederate money loaned, is not ma-
   terial to the issue.

Relief Act of 1870. Scaling Ordinance. Tax books. Ev-
idence. Before Judge JOHNSON. Talbot Superior Court.
March term, 1872.

Benjamin Manes brought complaint against William H.
McCrory, as principal, and Isaac Cheney, as security, on a
promissory note made on March 1st, 1863, due January 1st,
next thereafter, for the sum of $815 16, with interest from
date.

The defendant pleaded the general issue and the Scaling Ordi-
nance of 1865. Defendants in the course of the trial offered
the books of the tax receiver of said county for the year
1867, for the purpose of showing that the plaintiff had failed
to make a return of any taxable property whatever. Upon
objection made, the Court excluded the evidence, and defend-
ants excepted.

The defendant, McCrory, testified that the note sued on
was given for Confederate money loaned to him by the plain-
tiff, and that it was to be paid in the same sort of currency.
On the cross-examination, counsel for plaintiff asked the wit-
ness what he did with the money he borrowed from plaintiff.
Counsel for defendants objected to the question. The objec-
tion was overruled, and defendants excepted.

The jury returned a verdict for $442 90. Plaintiffs in
error except to the rulings aforesaid, and assign the same as
error.

McRory *et al. vs.* Manes.

E. H. Worrill; J. M. Mathews, for plaintiffs in error.

Willis & Willis, represented by W. A. Little, for defendant.

McCay, Judge.

The book of the tax receiver is the official entry of a sworn officer of a sworn statement, by the person making the return. This Court, in *Lynch vs. Lively*, 32 *Georgia*, 575, and *Tolleson vs. Posey*, 32 *Georgia*, 372, held the tax book good evidence to prove the amount of property one of the parties gave in for taxes. Judge Jenkins says in the latter case: "And there can be no more reliable evidence to show a given amount of wealth than his own verified statement, given as the measure of liability for taxation." It may be added that section 834 of the Code makes the entry in the tax receiver's book evidence of the fact of the return as entered, even on the trial of an indictment for false swearing. We decided in the case of *Bowdre vs. Macon & Brunswick Railroad*, 40 *Georgia*, 143, that the investment made of Confederate money by the taker of it was immaterial in the adjustment of the equities of the parties under the Ordinance of the Convention of 1865. If we are to follow the investment when it turns out well, the same rule would require us to follow it when it turns out badly, and from one investment into another, so that there would be no end to the inquiry. We would also have to inquire when and how, and on what terms the party got the money who passed it, and so on. The only safe and just rule is that fixed by the Ordinance, to-wit: the value of the consideration, and the value of the money, then and afterwards, and at any time. The good luck, or good judgment, or good management, or bad, of the taker of it in other transactions, is not material.

Judgment reversed.