Smith *vs.* Haire, trustee.

SHUMATE & WILLIAMSON, by brief, for plaintiff in error.

DABNEY & FOUCHE, by C. ROWELL, for defendant.

CHARLES H. Smith, plaintiff in error, *vs.* JOHN T. M. HAIRE, trustee, defendant in error.

1. Where an attachment was levied in November, 1874, upon cotton produced in that year, on a certain plantation, and a claim to the cotton was interposed, and on the trial of the claim, which took

place in 1876, there was evidence that the defendant in attachment had resided on the plantation ever since 1867, and that since 1870 he had controlled and worked it, the tax books of the county for the years 1873, 1874 and 1875 showing that he returned it as his property for taxation, were admissible in evidence for the plaintiff, the tax returns being in the nature of declarations by the person in possession, and tending to show that he held for himself and not for another; all of said books being offered and admitted together, no separate objection being made to that for 1875; and it appearing that the claimant returned no property in the county for taxation, either in 1874 or 1875.

2. Declarations or acts of the debtor favorable to his own title, made or done after the claimant's alleged title to the cotton had accrued, and after the debtor had parted with the actual possession of the cotton by shipping it to the claimant, or to a factor under circumstances (such as marking it in the claimant's name) indicating that it was shipped for the claimant, are not admissible to rebut evidence of the claimant's title by purchase from the debtor prior to the suing out of the attachment.

3. The omission of the claimant to move to dismiss the levy, on the conclusion of the plaintiff's evidence, and the introducing of evidence by the claimant, in answer to that of the plaintiff, are, together or separately, no admission that the plaintiff's evidence is *prima facie* sufficient; yet, when at the close of· all the evidence (his own being a part of it), the claimant contends for the conclusion in argument, and obtains it, he is estopped from denying that the condition upon which his right to the conclusion depended, namely: the shifting of the onus had been accomplished; and in such circumstances, it is not error for the court to state in the hearing of the jury, that the case made by the plaintiff was *prima facie* sufficient.

Claim.   Evidence.   Taxes.   Practice in the Superior Court.   Before Judge POTTLE.   Oglethorpe Superior Court. April Term, 1876. ·

An attachment in favor of Haire, trustee, against Thomas L. Smith, for $686.15, was levied upon eight bales of cotton on November 26th, 1874. A claim thereto was filed by Charles H. Smith, and upon the issue thus formed the cause went to trial. The jury found the property subject. The claimant moved for a new trial upon the following grounds, to-wit:

1. Because the court erred in admitting the tax books of

Smith *vs.* Haire, trustee.

Oglethorpe county for the years 1873, 1874 and 1875, to show that the defendant returned, as his property, for those years, a tract of land covering three hundred and sixty acres, being the land upon which the cotton levied on was made.

2. Because the court erred in admitting the following evidence of the plaintiff: " Went to the depot to see defend-. ant, to buy his cotton. Asked him to give witness an order for six bags; also asked him why he marked the cotton to claimant. Said he sent it to him because he was afraid of his creditors. This was the day witness sued out the attachment. Asked him who were his creditors. He replied ' Heard & Willingham.' "

3. Because the court erred in admitting the testimony of James T. Johnson, as follows: " Is sheriff; went on the same day as that on which the attachment was issued, to-wit, 24th or 25th of November, 1874, to levy on defendant's property. Followed him up into Clarke county, near Billups' plantation, and overtook him. He was moving to Jackson county. Defendant offered him a draft on R. A. Fleming, of Augusta, for the amount of plaintiff's claim. Said he had cotton at Fleming's warehouse, that it was his cotton, and witness believed it, or he would not have taken the draft. Witness received the draft, and did not make the levy. The draft was sent to Fleming, and he refused to pay it."

4. Because the court erred in this: After the testimony had been concluded and the question as to who should open and conclude the argument was submitted by claimant's counsel, the court remarked, in the presence and hearing of the jury, as follows: " When the plaintiff closed his case, and the claimant not having made a motion for a non-suit, he, the plaintiff, had made out a *prima facie* case, and I will so charge the jury, which put the burden on the claimant, and the burden being on the claimant, and he having introduced testimony after the plaintiff first closed, claimant is entitled to the conclusion."

Smith *vs.* Haire, trustee.

The evidence, so far as it illustrates the principles ruled, is referred to in the opinion.

The motion was overruled, and claimant excepted.

J. D. MATHEWS, for plaintiff in error.

JNO. C. REED; W. G. JOHNSON, for defendant.

BLECKLEY, Judge.

1. The tax books, when introduced, were admissible solely for the purpose of giving character to the possession of the debtor, the defendant in attachment. It appeared from other evidence that he resided upon the land and worked it. While so doing, it seems, he returned it as his own property for taxation. His returns were in the nature of declarations made pending his possession, and tending to show that he was holding adversely to other persons; that is, for himself, and not in subordination to another. Code, §3774. The returns, except that for 1875, were made before litigation arose, or the attachment was sued out. There was evidence indicating that the cotton in controversy was produced on this land in 1874; hence, the ownership, or apparent ownership, of the land, was relevant to the point in question, which was, whether the cotton belonged to the defendant in attachment. If the cotton was made upon land which the defendant worked and claimed as his own, there was some probability that it was his cotton when levied upon, in the fall of 1874, under the attachment. The origin of the cotton might or might not make out his title, but, at all events, it was proper for the consideration of the jury. The tax books admitted in evidence were those for 1873, 1874 and 1875. It does not appear from the record that they were offered separately, or that any separate objection was made to the book for 1875. That book was not relevant as a part of the plaintiff's *prima facie* case, for it post-dated the production of the cotton, and even the commencement of the litigation. But it became relevant at a

Smith *vs.* Haire, trustee.

subsequent stage of the trial, when the *bona fides* of the defendant's conveyance of the land to the claimant, and of the alleged debt which that conveyance was made to secure, had turned out to be a main issue in the controversy. So that its premature introduction with the other books, was but an irregularity. That the debtor retained possession of the land and continued to return it as his own on the tax books, might be very slight evidence of fraud, inasmuch as he held a bond for titles, and inasmuch as the professed object of passing the title into the claimant might render the retention of possession consistent with the conveyance, yet, whether slight or otherwise, the evidence would be pertinent. When a deed is made under section 1969 of the Code, and a bond for titles taken for a re-conveyance, there would certainly be less reason for changing the possession, than in an ordinary case of absolute conveyance for permanent ownership; but thorough scrutiny of the transaction, when it is impeached for fraud, requires that the acts of the parties with regard to possession be considered for whatever they are worth. Our understanding from the record is, that the defendant was still in possession of the land at the time the tax book of 1875 was made up. We note, also, that, so far as appears, the claimant never did return the land for taxation; and, moreover, that he returned no property whatever in Oglethorpe county, in 1874 or 1875.

2. The declarations made by the defendant to the plaintiff, in respect, not to the land, but to the cotton, were not admissible in the plaintiff's favor. Neither were those made to the sheriff when the latter overtook defendant in the road. Neither was the fact admissible that the defendant gave the sheriff an order upon Fleming for money to pay the debt. The cotton had been sent to Augusta, marked in the claimant's name. From the evidence, it had probably been consigned either to the claimant or to Fleming for him. At all events, the cotton was not present when the defendant spoke and acted, and it does not appear that it was in his custody, power or control. He had parted

with the actual possession, and it is not proved that any other person held possession fòr him. The cotton was in Augusta; and he was in Oglethorpe county when he conversed with the plaintiff, and in Clarke county when he conversed with the sheriff. Besides, as we understand the record, when these conversations took place, the title of the claimant, if he had any, had already accrued. The defendant could not *talk* it away. Declarations of the debtor are generally not evidence in favor of the creditor, against the claimant—see the case of *Boston & Gunby vs. Cummins,* 16 *Ga.*, 102. On page 104 is a letter written by the debtor, and on page 114 it is ruled inadmissible.

3. Although we do not agree with the court below in the theory that the claimant admitted that a *prima facie* case was made for the plaintiff, by the bare failure to move to dismiss the levy, or by introducing evidence on the part of the claimant, still, when the claimant's counsel demanded the right of concluding the argument, and his demand was conceded, he was estopped, and the question of the *onus* was settled. By taking the conclusion, the claimant took the *onus;* for having, himself, introduced evidence, he was not entitled to the conclusion on any other terms—Code, §3739; 41 *Ga.*, 196.

Judgment reversed.