IVEY *et al. vs.* COLQUITT, governor, for use.

63   509,<br>88   720

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in the following case.]

1. Tax-books are admissible in evidence as tending to show ownership of property and value put thereon by the owner, and in suit on a sheriff's bond for failure to serve the owner of such property it is not error to admit the evidence, particularly in connection with other evidence to the same effect, to throw light on the question of damage to plaintiff by reason of the sheriff's failure to serve so as to lose the term to which the writ was returnable.
2. In a contest between the sheriff and the plaintiff, the latter and his counsel need not examine the papers to see that the officer has performed his official duty, but may rely upon the presumption that he has discharged it,
3. In a suit on the sheriff's bond for failure to serve a defendant, the measure of damages is the loss sustained in that action by the failure; and where two notes were sued on and the title to one in plaintiff was in doubt, and the damages found are not in excess of the loss of the other, about the ownership of which there was no dispute, and the proof of loss by the failure is sufficient to sustain the verdict, the verdict should stand.

Evidence.   Sheriff.   Damages.   Presumptions.   Verdict.   Before Judge CRAWFORD.   Muscogee Superior Court. May Term, 1879.

Reported in the opinion.

PEABODY & BRANNON, for plaintiffs in error.

J. M. RUSSELL; THORNTON & GRIMES, for defendant.

JACKSON, Justice.

This was a suit on a sheriff's bond for failure to serve a defendant; the verdict was for the plaintiff, and defendant moved for a new trial. Error is assigned on the refusal to grant the new trial.

1. Substantially but three grounds are alleged in support of the motion. It is said that tax-books showing the own-

ership by the party whom the sheriff failed to serve were wrongfully admitted. If they were there is evidence without them to support the verdict. But they are admissible in such cases to show ownership and value put on the property by the person owning it, especially in connection with other proof. 56 *Ga.*, 304; 58 *Ga.*, 446.

2. It was said, secondly, that the plaintiff ought not to recover because his attorney did not see to it, by examining the papers, that defendant was served. In a contest between the plaintiff and the sheriff, the counsel had the right to presume that the officer did his duty, and to rely upon it. It might be different in a case between client and attorney. See 59 *Ga.*, 327.

3. It is said again that the rule laid down by the court to measure plaintiff's damage by the conduct of the sheriff was wrong. That rule is that the loss sustained in the case plaintiff sued is the right measure. He sued the notes which he had a right to do without suing for their consideration, the land, the title to which was still in him as he gave bond for title to defendant. The measure of damages is the loss he sustained on the notes, and not the deterioration of the price of the land. The evidence supports the verdict. About one note sued, a point was made that the title had not passed to plaintiff. It matters not. The other note sued is larger than the verdict, and the evidence that plaintiff lost it by the failure of the sheriff to serve the maker is sufficient to support the verdict.

Judgment affirmed.