## MITCHELL COUNTY *et al. v.* HILLIARD, administratrix.

1. The evidence objected to in the first six grounds of the motion for new trial, tending to show the cost of operation of the ferry and the income derived therefrom, was not inadmissible on the ground that the same was irrelevant and immaterial and illustrated no issue in the case. This evidence was admissible as tending to show the value of the ferry-site, and was admissible upon the issue as to the amount of damages sustained by the plaintiff, and was in accord with the rule laid down as to the measure of damages when the case was here upon a former occasion.

2. The 7th and 8th grounds of the motion for new trial are not open to the objection made that the instruction of the court injected into the case an element of damage which should not have been considered by the jury. The court was merely giving the contentions of the plaintiff to the jury, as authorized by the pleadings and evidence.

3. Complaint is made of the following charge of the court: "In considering the value of the land as a bridge site, you may take into consideration all the evidence as to its availability for the construction of the bridge that has been built; and if you should determine that the site so acquired was the most economical and available, then you would look further and ascertain what, if anything, was saved in erecting the bridge on this particular land or site as against other land in that vicinity; and if you should find that there was such a saving, that would be an element of damage to be considered by you in the determination of your verdict." This charge is not error for the alleged reason that the same was confusing and misleading to the jury. There was evidence tending to show that the bridge site of the plaintiff, which was condemned for bridge purposes by the defendants, would cost the defendants less to build upon than any of the other sites contiguous thereto, and therefore more valuable to the plaintiff and defendants alike, and constituted an element of damages which might be considered by the jury in assessing damages against the defendants. Even if the above charge is an inaccurate statement of the rule in such cases, in view of the entire charge and of the evidence in the case, which required a verdict for the plaintiff, such inaccuracy will not cause a reversal.

4. The other grounds of the motion for new trial are without merit.

No. 4383. JANUARY 13, 1925.

Equitable petition. Before Judge Custer. Mitchell superior court. April 14, 1924.

*J. J. Hill, M. A. Warren,* and *Benton Odom,* for plaintiffs in error.

*Pope & Bennet* and *E. E. Cox,* contra.

HILL, J.   1.   This is the second appearance of this case in this court, and for a full statement of it see *Mitchell County* v. *Hudspeth,* 151 *Ga.* 767, 768 (108 S. E. 305).   It was then said:   "The court sustained paragraph 5 of the defendant's special demurrer, which in part was as follows:   'In the 15th paragraph [of the petition] the words "which, considering its value as a bridge site and a ferry site and for other purposes, is, and was, at the time of such taking, of the value of $25,000, and" on the ground that (a) said words and allegations were irrelevant, and constitute no element of any cause of action in favor of plaintiffs against these defendants, and (b) they present a claim and measure of damages which is illegal and not allowable under the law, and which plaintiff is not entitled to, and which should not be considered in estimating plaintiff's damages.'   The plaintiff in her cross-bill of exceptions excepted to this ruling of the court.   We think that the court erred in sustaining this special demurrer.   Section 781 of the Civil Code of 1910, provides that 'In determining the value of lands taken for a bridge, its prospective value as a bridge site and its present value as a ferry, if one is in use, may be taken into the calculation.'   Under the allegations of the present petition the land taken by the defendants from the plaintiff was for the avowed purpose of building a free bridge, and the approaches thereto, across the Flint river, and for this damage to her property she is entitled to just and adequate compensation, and in order to ascertain what this just and adequate compensation is, it seems to us, while the plaintiff has no exclusive right to establish and maintain a ferry on her land, as decided in *Hudspeth* v. *Hall,* 111 *Ga.* 510 (36 S. E. 770), yet the value of the land taken by the county as a ferry or bridge site, and the approaches thereto, together with all other facts and circumstances calculated to enhance or diminish the value of the property taken or damaged, may be inquired into. In the case of *Dougherty County* v. *Tift,* 75 *Ga.* 815, Blandford, J., delivering the opinion of the court, said:   'If Tift was the owner of the land through which this stream ran, on both sides, then, under the act of 1850, he had the right to erect a bridge over the same, and charge toll for crossing thereon; and whether the bridge be public or private, it belonged to Tift, and when the County of Dougherty takes his land and erects another bridge, which causes damage to Tift's property, he is entitled to just compensation

therefor.    Art. 1, sec. 3, par. 1, constitution of Georgia; Code, sec. 5024.    Whether the same is a public or private bridge, the question in such case is, what damage has the party sustained; and to ascertain this, the cost of erection, the income derived from the bridge, may be looked to and considered by the jury, together with all other facts and circumstances calculated to enhance or diminish the value of the property taken or damaged.'    The Civil Code, § 688, provides:    'In estimating the value of land when taken for public uses, it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated.'    We are of the opinion that the plaintiff may show the value of her land for any legitimate purpose to which the land could be appropriated, including its value as a bridge site, and as a ferry, if any; and that the court therefore erred in sustaining the above portion of paragraph 5 of the defendant's special demurrer; but in so far as such demurrer above dealt with was directed at paragraph 16 and a part of paragraph 17 of the petition, the demurrer was properly sustained, because in the two paragraphs last mentioned there are elements of damages set forth as a basis of plaintiff's claim which are not allowable under the law, as will be seen from what has been said above while dealing with the demurrer to paragraph 15."

The first six grounds of the motion for new trial in the present case complain of the admission of evidence tending to prove the cost of operation of the ferry and the income derived therefrom, on the ground that the same was irrelevant, immaterial, and illustrated no issue in the case.    This evidence was admissible as tending to show the value of the ferry and the land as a bridge or ferry site, and for the purpose of arriving at the amount of damages sustained by the plaintiff.

2.    Other headnotes than the first require no elaboration.

3.    The judge did not err in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concur.*

ATKINSON and HINES, JJ., concurring specially.    We think the charge dealt with in the third headnote is a correct statement of the law applicable to the pleadings and evidence.    If it were an incorrect statement of the law, we do not think that the error would be rendered harmless by the general charge of the court, and by the evidence in the case.