## SEAGRAVES *v.* SEAGRAVES.

No. 13962. JANUARY 13, 1942.

*Howard, Tiller & Howard,* for plaintiff.
*John H. Hudson* and *W. E. Buckner,* for defendant.

DUCKWORTH, Justice. Mrs. Jennie L. Seagraves brought suit for divorce against L. J. Seagraves, basing the same upon the grounds of cruel treatment and adultery. She also prayed for permanent alimony and custody of a minor child of the parties. The defendant denied the acts alleged against him, and opposed the grant of any of the relief sought by the plaintiff. He filed a cross-bill in which he asked for a divorce on the ground of cruel

treatment, and sought custody of the child and certain other relief. On the final trial the jury found a total divorce for both parties, and awarded the plaintiff alimony in the lump sum of $1000 and $33.33 per month for the support of the child until it reaches the age of eighteen. The plaintiff moved for a new trial, on the general grounds and one special ground. This motion was overruled, and she excepted.

■ The special ground complains of the rejection of certain portions of a state and county tax return made by the defendant to the tax-receiver of Fulton County for the year 1940. The proffered evidence discloses that the defendant returned several tracts of real estate located in the City of Atlanta, which were listed separately in a space provided therefor. Opposite each item of real estate so returned was a space designated as a place to show the "city assessment" of the property, and this space contained certain figures of value opposite each item. Following these figures, in a column designated "county assessment," were valuations amounting to seventy per cent. of the "city assessments." No reference to "assessments" was made elsewhere in the return, although valuations were placed on properties located outside of incorporated limits, and the "total market value" of all real estate returned was given. The defendant objected to the admission of the assessments, as being hearsay evidence. The court sustained this objection, and in admitting the return in evidence excluded the "assessments." The books of the receiver of tax returns are admissible as evidence for the purpose of showing the amount and value of the property admitted by the defendant to be his, in a case where the financial worth of the defendant may properly have a bearing on the amount of the verdict which may be rendered against him. *Tolleson* v. *Posey*, 32 *Ga.* 372. In that case it was said of a tax return: "There can be no more reliable evidence to show a given amount of wealth than his own verified statement given as the measure of liability for taxation." The admissibility of such returns to show ownership and value put on the property by the person owning it is also clearly established by other decisions of this court. *McCrory* v. *Manes*, 47 *Ga.* 90; *Dupont* v. *Mayo*, 56 *Ga.* 304 (4); *Ivey* v. *Colquitt*, 63 *Ga.* 509; *Mashburn* v. *Dannenberg Co.*, 117 *Ga.* 567, 585 (44 S. E. 97). However, in the instant case, it does not appear that the valuations or assessments objected to were made by

the person making the return. On the contrary, they appear to be assessments made by the county based upon previous assessments made by the city. The assessments thus can not be said to amount to admissions of the defendant as to the value of the property returned; and the exclusion of these assessments does not violate the general rule stated above. The return contains other valuations which appear to have been made by the defendant, but the order objected to does not exclude these. This ground of the motion is without merit.

■ The plaintiff contends that the evidence was not sufficient to authorize the grant of a divorce to the defendant on his cross-bill; it being urged that even if the evidence was sufficient to show cruel treatment, it also showed that the defendant had fully condoned such acts of cruel treatment. The defendant testified that the trouble which culminated in the separation of the parties began when he refused to buy the plaintiff a fur coat in July, about two months before the separation; that about a month later the plaintiff bought a fur coat without his consent, and then demanded the money with which to pay for the coat; that on his refusal of this demand she became enraged, tore his shirt off, and kicked him on the legs. According to the defendant's testimony, the plaintiff repeated her assaults several mornings, in the hope that he would strike her, so that she would have an excuse to leave him, and her conduct grew worse until she finally left him. This testimony does not show that the defendant had condoned the asserted acts of cruel treatment about which he testified. It does show that he had endured them until the time the plaintiff left him; but this does not in law amount to condonation. *Alford* v. *Alford,* 189 *Ga.* 630 (2) (7 S. E. 2d, 278). The evidence authorized the verdict, and there is no merit in the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*