### 47426. HOUSING AUTHORITY OF ATLANTA v. REPUBLIC LAND & INVESTMENT COMPANY et al.

HALL, Presiding Judge. The condemnor appeals from the verdict and judgment following an appeal to a jury on the issue of value. The verdict was for $6,500. The condemnor's experts appraised the land at $4,500.

1. The condemnor contends the court erred in admitting testimony concerning a $6,000 appraisal made by a bank for loan purposes in 1963 as too remote in time to be relevant. We would agree had the appraisal been offered to show value. However, the point arose during cross examination of the condemnor's expert witness on how he arrived at his opinion of value. He stated that he had looked at a 1964 (sic) sale and was then asked whether knowledge of the 1963 appraisal would have affected his evaluation. After the witness said he would have considered this information, the court allowed evidence of the appraisal as a basis for the previous hypothetical question.

It would seem that if the condemnor's expert witness deemed this information relevant to an evaluation, but did not consider it, then cross examination on the subject was proper and the evidence to link up the questioning was necessary.

2. The condemnor also contends that the court erred in allowing the introduction of the 1972 assessed value of the taxing authorities (which was $6,000). It cites two cases which hold tax assessments to be inadmissible unless they are sworn to by the taxpayer as his own valuation. *Seagraves v. Seagraves,* 193 Ga. 280 (18 SE2d 460); *Gruber v. Fulton County,* 111 Ga. App. 71 (140 SE2d 552). Both of these cases, however, involve the use of the assessment *against* the taxpayer and follow the general rule of excluding this kind of evidence. While the Georgia cases seem to be based on the lack of the owner's affidavit, the usual reason given is that "it is an open secret that the assessment rarely approaches the true market value" and that "no inference can fairly be drawn against an owner of land from his failure to protest that the valuation put upon it by the assessors was too low." 5 Nichols on Eminent Domain, 22-6, 22-7 § 22.1.

There are, however, a significant number of cases in other jurisdictions which allow this evidence to contradict or impeach a witness adverse to the owner, although not as original evidence of market value or as an estoppel against the condemnor. See Annot. 39 ALR2d 209, §§ 23-25. We believe this is the better view and fits the circumstances of this case.

The issue arose here when another expert witness for the condemnor testified that he had considered the 1971 tax valuation when making his appraisal but not the one for 1972. It was proper to attempt to cast doubt on this witness's opinion by showing that which he had failed to consider.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED SEPTEMBER 11, 1972—DECIDED SEPTEMBER 21, 1972.

*Weltner, Kidd & Crumbley, Charles L. Weltner,* for appellant.

*Van Gerpen & Bovis, John M. Bovis, John Burch,* for appellees.