### 50417. DeKALB COUNTY v. QUEEN et al.

MARSHALL, Judge.

This appeal assigns multifarious errors in the trial of a condemnation of certain rental property belonging to the condemnee. DeKalb County, the condemnor, sought to condemn the entire lot and house thereon of the condemnee for the purpose of constructing a roadway. The assessors had previously awarded $35,500 to condemnee and on appeal to the Superior Court of DeKalb County, the jury awarded condemnee $46,500. The condemnor moved for a new trial on the general grounds and on nine

special grounds. Its appeal is from the denial of the motion for new trial and each of the specified grounds therein.

1. The general ground for condemnee's motion for new trial is that the evidence was insufficient to support the jury's verdict and award, since the only two experts to testify valued the property at $32,000 and $42,000, respectively. The transcript shows that another witness, the condemnee's son, testified that he "would give $50,000.00 for [the property]." This testimony was admissible as nonexpert opinion evidence as to value, provided the witness had an opportunity to form a correct opinion as to value. Code § 38-1709; *Gainesville Stone Co. v. Parker,* 224 Ga. 819 (4) (165 SE2d 296); *Schoolcraft v. DeKalb County,* 126 Ga. App. 101 (2) (189 SE2d 915); *Noble v. State Hwy. Dept.,* 117 Ga. App. 33 (2) (159 SE2d 715); *Selman v. Manis,* 100 Ga. App. 422 (3) (111 SE2d 747); *Livsey v. County of Walton,* 47 Ga. App. 211, 212 (170 SE 268). Cf. *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824 (140 SE2d 150). Here the witness testified that he had been a building contractor, was familiar with houses and the value of property, and was particularly familiar with the house and property in question. This testimony shows adequate opportunity to form his opinion as to the value of the property and the opinion is sufficient to support the verdict. His relationship to the condemnee and the sufficiency of his observation of the property affect only the weight to be given his opinion by the jury.

2. Special ground 4 complains of the admission of testimony that the value of property abutting the new roadway would be enhanced by the taking. The transcript of this testimony clearly shows that the question and answer pertain not to the enhancement of value of abutting property *after* the roadway was built but to enhancement caused by news of a coming roadway. As such, this testimony was admissible. *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (3) (71 SE 903); *Housing Authority of the City of Marietta v. York,* 106 Ga. App. 41 (1) (126 SE2d 246).

3. Special ground 5 is that the condemnee's expert witness was erroneously permitted to testify that he had done appraisal work for the county and the State

Highway Department. This testimony came in as part of his qualifications as an expert, which, even though stipulated by counsel for the condemnor, were nevertheless admissible. There is no merit to the contention that this testimony was prejudicial to the condemnor.

4. Special ground 6 complains that the condemnor's right to a thorough and sifting cross examination was unduly restricted when a witness was not allowed to testify as to the evaluation of the property for tax purposes. The value of property, as assessed by a taxing authority, is inadmissible as hearsay, *Seagraves v. Seagraves,* in 193 Ga. 280 (18 SE2d 460); *Gruber v. Fulton Co.,* 111 Ga. App. 71 (1, 2) (140 SE2d 552), unless the evaluation on the tax return was shown to be made by the taxpayer himself, *State Hwy. Dept. v. Wilkes,* 106 Ga. App. 634 (4) (127 SE2d 715), or unless used for the purposes of impeachment, *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (3) (199 SE2d 96); *Housing Authority of Atlanta v. Republic Land &c. Co.,* 127 Ga. App. 84 (2) (192 SE2d 530). There being no showing of an impeachment purpose and no showing that the evaluation was made by the taxpayer himself, this testimony was properly excluded.

5. Special ground 7 contends that it was error for the trial court to exclude from evidence the award of the assessors of $35,500 for the purpose of impeaching a witness who had signed the assessor's award and who testified for the condemnee that the value of the property was $42,000. "The law is that the award of assessors is not proper evidence for consideration of a jury on an appeal in a condemnation case. *Atlanta, B. & A. R. Co. v. Smith,* 132 Ga. 725, 727 (64 SE 1073); 18 AmJur 1001, § 355; 1018, § 375.

"An appeal from an award of assessors is a trial de novo on the question of compensation, and it is the function and duty of the jury to pass upon the issues independently of the award of the assessors. *H. G. Hastings Co. v. Southern Natural Gas Corp.,* 45 Ga. App. 774, 776 (166 SE 56)." *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 537 (122 SE2d 317).

Nevertheless, the award of the assessors may be admitted for the limited purpose of impeachment. It was

held in the case of *Ga. Power Co. v. Hudson*, 46 Ga. App. 206 (3) (167 SE 206) that: "The court did not err, as contended, in admitting in evidence the return under oath of the appraisers fixing the value of $25 per acre upon the land sought to be condemned, the same being offered in evidence *for the purpose of impeaching the testimony of one of the appraisers, given upon the trial of the case,* to the effect that the value of the land was only $10 per acre. This witness was allowed to give his explanation as to such alleged inconsistency; and whether or not the signing of such a report under oath should affect his testimony in the minds of the jury was peculiarly a matter for the jury." (Emphasis supplied.) See also *State Hwy. Dept. v. Raines*, 129 Ga. App. 123, 128, supra; *State Hwy. Dept. v. J. A. Worley & Co.*, 103 Ga. App. 25 (4) (118 SE2d 298). The witness here testified, outside of the presence of the jury, that, "I had to agree to sign at this price to get the County man up that high, if I hadn't signed at this, he wanted to sign at $32,500.00, which I would not agree to." And that, "this was an arbitration, and not an appraisal at all." Yet the law in Georgia, as indicated in the above-cited cases, allows the award of the assessors to be admitted into evidence to impeach a witness who testifies at the trial as to a different evaluation of the property than that agreed to by him as an assessor, as did the witness in this case. It was error, and, because of the importance of this witness' testimony to the condemnee's case, we can not say that it is harmless error.

6. Special ground 8 pertains to the admission of a photograph of the inside of the house being condemned. Contrary to the condemnor's contentions, the witness did identify the photograph showing the living and dining rooms of the house in question.

7. Special ground 9 is that the court erred in admitting into evidence a free-hand sketch of the property made by a witness for the condemnor while testifying on cross examination. The objection was that it was not accurate and was not drawn to scale. There was no contention that the drawing was accurate or depicted anything other than this witness' recollection of what the property looked like. The trial judge, upon admitting the sketch told the jury that it "may look at it for whatever

they think it is worth, if anything. It does not purport to be drawn to scale or have any degree of accuracy, it is merely Mr. Bailey's contentions as to what he saw down there." As such, we see no harm in its admission.

8. We find no error in the trial court's charging verbatim Code § 36-505 even though there was no evidence of "agricultural qualities" of the property.

9. Nor do we find error in the trial court's rejection of the requested charge on impeachment, since the evidence does not show the witness in question contradicted himself, as contended by the condemnor.

10. Special ground 12 contends that it was error for the trial judge to instruct the jury: "I charge you that in reaching the fair and reasonable value of the property you could consider the profits of the property, if any, as a circumstance in reaching the fair and reasonable value of the property." There was no evidence of the property having been used for anything but apartments and the condemnee using the rental income for her own personal use. Loss of "profits" may be considered in reaching the reasonable value of the property, but such instruction should be limited to property which is suited to a business use. See, e.g., *Mitchell County v. Hilliard,* 159 Ga. 502, 504 (1) (126 SE 719); *State Hwy. Dept. v. Clark,* 123 Ga. App. 627 (5, 6) (181 SE2d 881). The condemnee should be allowed to show rental income from property, "not for the purpose of being compensated for lost future revenue, but for the purpose of showing the use and location as affecting the value of the property." *Harrison v. Regents of the University System,* 105 Ga. App. 817, 819 (125 SE2d 793). We do not rule that such error was harmful, in that it is doubtful that the instruction misled the jury. Since the case is reversed on other grounds, we trust the error will not recur.

11. Finally, the trial court's charge on enhancement of value caused by knowledge of the anticipated improvement caused by a forthcoming project was both authorized by the law *(Gate City Terminal Co. v. Thrower,* 136 Ga. 456, 466-467, supra,) and supported by the evidence.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED MARCH 4, 1975 — DECIDED JUNE 19, 1975 —
REHEARING DENIED JULY 2, 1975 —

*George P. Dillard,* for appellant.
*Davis & Stringer, Robert H. Stringer,* for appellees.