## 67649. ROLLINS, INC. v. TENNANT COMPANY.

BIRDSONG, Judge.
This appeal arises from a judgment in favor of appellee following a jury trial in this contract action. All enumerations of error relate to the trial court's exclusion of a letter purportedly written and signed by appellee's vice president of marketing and addressed to appellant. The letter is written on "Tennant Company" letterhead. The only identification of the letter during the trial of this case occurred during the cross-examination of appellee's regional contract manager. The letter was displayed to the witness, who acknowledged that he previously had viewed a copy of the letter. The witness also stated that the letter could be found among appellee's files concerning the contract with appellant. However, the witness did not attempt to establish the genuineness of the signature or the letter's authenticity. Further, the witness did not testify that the letter was made in the regular course of appellee's business or that it was in the regular course of appellee's business to create such a document within a reasonable time of the event addressed in the letter.

It is clear that the trial court's exclusion of the subject exhibit from consideration by the jury did not constitute reversible error. The document was not admissible as a business record because appellant failed to produce testimony "by a witness who is familiar with the method of keeping the records [of the business] and who can testify thereto and to facts which show that the entry was made in the regular course of business and that it was the regular course of the business to make such memorandum or record at the time of the event or

within a reasonable time thereafter." *Cassano v. Pilgreen's*, 117 Ga. App. 260, 261 (160 SE2d 439).

Even if the letter had been properly authenticated pursuant to OCGA § 24-7-1 (compare *Smith v. Hatgimisios*, 233 Ga. 354, 357 (211 SE2d 306), with *Cotton States Mut. Ins. Co. v. Clark*, 114 Ga. App. 439, 445 (151 SE2d 780)), the trial court's ruling constituted at most harmless error. Appellant sought to introduce the letter because it contained an alleged admission by appellee's agent. However, the substance of the alleged admission was presented to the jury in the form of oral testimony on at least two separate instances. "Even assuming arguendo that the trial court erroneously refused the [exhibit], such exclusion was wholly harmless where other evidence of the same facts was introduced and admitted." *Smith's Transfer Corp. v. Alterman Foods*, 162 Ga. App. 284, 286 (291 SE2d 261). Accordingly, this appeal is without merit.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 4, 1984.

*Richard P. Decker, Robert A. Moss*, for appellant.
*Barclay T. Macon, Jr.*, for appellee.