72693. PROPERTY TAX RESEARCH COMPANY v. LEWIS TEXTILE, INC.
(349 SE2d 8)

SOGNIER, Judge.

Property Tax Research Company (PTR) brought an action in contract against Lewis Textile, Inc. The trial court, acting without a jury, found in favor of Lewis Textile and denied PTR's motion for a new trial. PTR appeals.

The evidence shows that appellee's contract with appellant authorized appellant, upon notifying appellee, to act as appellee's agent before the Fulton County tax authority in order to seek a reduction of the tax assessment valuations given appellee's properties. The evidence was uncontroverted that appellee had already initiated steps with the tax authority to appeal the valuation. We also note that the evidence shows appellant never contacted appellee as required by the contract. However, since the contract provision requiring notification was somewhat ambiguous in nature and the parol evidence explaining the provision muddled, we do not consider appellant's contract claim to be precluded by this condition precedent and therefore address appellant's enumerated errors.

1. Appellant contends the trial court erred by refusing to admit two documents it claims are within the purview of the business record exception, OCGA § 24-3-14. The documents, purported to be the tax

returns on appellee's properties, were prepared by the Fulton County Tax Commission and (according to appellant's witness) were mailed by the tax authority to appellant. Appellant argues that these documents were admissible under OCGA § 24-3-14 because the documents were made by the tax authority in the regular course of its business and received and maintained by appellant in the regular course of appellant's business. Routine factual documents can be admissible under OCGA § 24-3-14 where they are *"made by the first business and transmitted to the second business as part of a related or symbiotic business relationship — almost as if the two firms were headquarters and branch in the same large corporation. . . ." Moore v. State,* 154 Ga. App. 535, 540 (268 SE2d 706) (1980). See also *Lewis v. United Cal. Bank,* 240 Ga. 823, 824 (Bowles, Justice, concurring) (242 SE2d 581) (1978). No such main office-branch office symbiotic relationship was shown to exist between the tax authority and appellant. Accordingly, the trial court did not err by refusing to admit these documents.

2. Appellant contends the trial court erred by refusing to admit four certified documents from the Fulton County tax authorities consisting of two internal memos from appraisers stating the reasons for a reassessed tax value for appellee's properties and two documents which purportedly were releases of appellee's tax fi. fa. in the amount of the lower appraised value. Assuming, arguendo, that the trial court erred by refusing to admit these exhibits, any error was harmless in view of the fact that the information appellant sought to have introduced was subsequently admitted when appellee's secretary/treasurer testified and acknowledged that the taxing authority had lowered the assessed value of appellee's properties. See generally *Rollins, Inc. v. Tennant Co.,* 170 Ga. App. 641, 642 (317 SE2d 659) (1984).

3. Appellant's motion for new trial having been made on the basis of matters herein decided adversely to appellant, the trial court did not err by denying appellant's motion.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 9, 1986.

*Patricia A. Hoin,* for appellant.
*J. Steven Cheatwood,* for appellee.