### 77710. BLUME v. RICHMOND COUNTY.
(378 SE2d 694)

BEASLEY, Judge.

Plaintiff appeals the judgment entered on a jury verdict in a condemnation case. The land involved consisted of a 30.62-acre tract, but the plaintiff contends that it had been subdivided into 40 separate individual lots. There are five enumerations of error but in essence plaintiff argues that it was error to exclude evidence of 40 individual tax appraisals and tax cards which would have shown a total value of $266,600 and to have failed to charge on this issue.

1. The transcript shows that the trial court indicated that it would not admit the separate tax records. However, when defendant's counsel was asked whether he wanted to put "the record in," he re-

sponded: "I haven't moved the records in, but I probably would have." He then obtained by cross-examination of an expert witness the fact there were tax records concerning the 40 separate parcels and that their total evaluation on the tax records, which constituted the basis for the tax assessments, was $266,600.

There was no error because "[i]n order to show error in the exclusion of evidence, it is necessary that evidence first be 'offered.'" *Watts v. Six Flags Over Ga.*, 140 Ga. App. 106, 109 (4) (230 SE2d 34) (1976). Furthermore, error, if any, in the exclusion of evidence is harmless where substantially the same evidence is later admitted. *Property Tax Research Co. v. Lewis Textile*, 180 Ga. App. 247, 248 (2) (349 SE2d 8) (1986).

2. Evidence as to the tax appraisal valuation would not act as an estoppel against the condemnor. *Housing Auth. of Atlanta v. Republic Lane &c. Co.*, 127 Ga. App. 84, 85 (2) (192 SE2d 530) (1972).

3. Plaintiff did not object to the charge and relies upon OCGA § 5-5-24 (c). On appeal, he contends that, in view of the issues as to admissions made by a party involving the tax appraisals, OCGA § 24-3-34 should have been charged. This code section relates to the admissibility of the evidence so is not pertinent to a jury's consideration. The trial court did instruct as to plaintiff's contentions regarding the value of the property as separate lots. Any failure to give further instructions did not fall within the "harmful as a matter of law" requirement necessary to invoke OCGA § 5-5-24 (c). "To constitute harmful error within the meaning of this subsection, an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial." *Hamrick v. Wood*, 175 Ga. App. 67, 68 (2) (332 SE2d 367) (1985).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1989 —
REHEARING DISMISSED FEBRUARY 20, 1989 —

*James F. Findlay*, for appellant.
*Robert C. Daniel, Jr.*, for appellee.