# ATLANTA, BIRMINGHAM AND ATLANTIC RAILROAD COMPANY *v.* SMITH.

1. Upon the trial of an appeal from the award of assessors in proceedings for the condemnation of private property, the verdict of the jury should be in favor of the owner for the value of the property and the amount of damages, if any; and the court will, in rendering judgment upon such a verdict, reduce the amount found by the jury by the amount paid under the award, if the award is for a less amount than the verdict; but if the verdict is for a less amount than the award, the judgment shall be against the owner for the excess of the amount of the award over that of the verdict.
2. There was sufficient evidence to support the verdict.

Argued February 10,—Decided June 18, 1909.

Condemnation of right of way. Before Judge Whipple. Talbot superior court. February 22, 1908.

*J. J. Bull* and *A. J. Perryman,* for plaintiff in error.

*Persons & McGehee,* contra.

BECK, J. The plaintiff in error instituted proceedings to condemn a right of way through the lands of defendant in error. The amount condemned was a strip of land containing 17.16 acres, and extending a mile and a half through the lands of the owner of the property sought to be condemned. The evidence as to the actual value of the land per acre varied from $3 to $20. The assessors made their award for the amount of $175. The owner entered an appeal. Upon the trial of the issue arising upon the appeal in the superior court the jury returned a verdict in favor of the owner for $500. To the judgment of the court below, overruling the motion for a new trial made to set aside the verdict, the railway company excepted. The motion for a new trial, in addition to the general grounds, contains exceptions to the following portions of the charge: (1) "Now, gentlemen, under these instructions it becomes necessary for you to find a verdict in favor of Mrs. Smith at least for a fair, reasonable, adequate, and just compensation for her land." Error is assigned upon this charge, because "the proceeding was under a condemnation proceeding, and the assessors had made an award of certain sum to the defendant as being the value of the land, which said award had been paid; and the court should have charged that this award should have been considered and deducted, provided the jury found that she was entitled to more damages than the

award." (2) "In any event, as I have charged you in this case, your verdict will be for the appellant, Mrs. Smith, and the form of your verdict will be, 'we, the jury, find for the appellant' so many dollars—whatever amount you have ascertained to be her damages under the rules which I have given you; 'we, the jury, find for the appellant' so many dollars, with costs of suit." Error is assigned upon this charge, because "it was a direction to the jury to find a verdict, and no qualifications to the jury that if under the evidence the appellant had been paid the full value of the land under the condemnation proceeding, then she would not be entitled to recover, or that 'the sum she had been paid should be deducted from the verdict the jury might find.'

1. The Civil Code, § 4678, makes the following provision for appeal and the issue to be submitted to the jury upon the appeal: "In case either party, or the representative of either party, is dissatisfied, he or they have the right, within ten days from the time the award is filed, to enter in writing an appeal from the award to the superior court of the county where the award is filed; and at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done, with the same right to move for a new trial and file a bill of exceptions as in other cases at common law." Section 4680 declares: "The tender, payment, or acceptance of the amount shall not prevent either party from prosecuting the appeal. If the amount so awarded by the assessors is less than that found by the final judgment, the company shall be bound to pay the sum so finally adjudged, in order to retain the property; and if it be less than that awarded by the asesssors, the owner shall be bound to refund any excess paid to or received by him, and a judgment for such excess shall be rendered against him, to be collected by levy as in other cases." Construing these two sections together, the evident scheme of the legislative provisions is, that the trial upon appeal is a de novo investigation, in which the jury are to determine the value of the land taken, and the amount of damages, if any. In any event where land is condemned, the owner of course is entitled to the actual value of the property taken, and is entitled to a verdict at least for that amount; and this was the evident meaning of the instructions of the court

excepted to. Counsel for the plaintiff in error insists, however, that the amount of the award rendered by the assessors should have been considered by the jury, and that it should have been deducted from the amount of the damages, provided the jury found that the owner was entitled to more damages than the award. The court properly withheld from the jury the consideration of the amount of the assessors' award. There was no reason why the finding of another tribunal upon the facts of the case should have been before the jury. The question submitted to them for solution was to be determined by them independently of the antecedent action of the assessors. The jury had to ascertain, under the evidence submitted to them, the value of the land and the amount of the damages. The finding of the assessors could not have been evidence for their consideration. In cases like this the amount of the award, which is entered on the minutes of the court, is to be deducted, in entering up the judgment, from the amount found by the jury, if the verdict is for a greater amount than the award; and should the verdict be for a less amount than the award, then judgment should be rendered in favor of the condemnor against the owner. And the court below, in accordance with the law, when the judgment was entered preserved the rights of the plaintiff in error by deducting from the amount which the jury had found in favor of the owner the sum which the plaintiff in error had already paid under the award of the assessors.

2. There was evidence to support the finding of the jury; and that finding, having received the sanction of the trial judge, will not be disturbed here.

*Judgment affirmed. All the Justices concur.*