### 22317. GEORGIA POWER COMPANY v. HUDSON et al.

HOOPER, J. 1. The failure of the trial court in this condemnation proceeding, as complained of in the motion for a new trial, to charge the jury "with regard to the easement upon the lands described in the notice to condemn, and especially that between the 337 contour and the 340 contour," was not error for any reason assigned. Such a charge was not authorized by either the pleadings or the evidence in the case.

2. The assignment of error upon admission of testimony of witness H. H. Starr, comprising two pages of closely typed matter, is without merit, as objection is made to said testimony in its entirety, and part of this testimony containing the witness's opinion of the value of the lands was clearly admissible. *Bacon* v. *Dannenberg Co.*, 24 *Ga. App.* 540 (7) (101 S. E. 699), and cit.

3. The court did not err, as contended, in admitting in evidence the return under oath of the appraisers fixing the value of $25 per acre upon the land sought to be condemned, the same being offered in evidence for the purpose of impeaching the testimony of one of the appraisers, given upon the trial of the case, to the effect that the value of the land was only $10 an acre. This witness was allowed to give his explanation as to such alleged inconsistency; and whether or not the signing of such a report under oath should affect his testimony in the minds of the jury was peculiarly a matter for the jury.

4. There being some evidence in the record which, if believed by the jury, would have authorized a larger award than that made by them, this court can not say as a matter of law that the verdict was excessive, as contended.

5. The evidence supports the verdict. The remaining grounds of the motion for a new trial are without merit. The judge did not err in overruling the motion.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., disqualified.*

DECIDED DECEMBER 24, 1932.

*Colquitt, Parker, Troutman & Arkwright, Sam H. Wiley, Orrin Roberts,* for plaintiff.

*Brock, Sparks & Russell, G. Lee Dickens,* for defendants.