38533. STATE HIGHWAY DEPARTMENT v.
J. A. WORLEY & COMPANY, INC.

26

DECIDED JANUARY 6, 1961.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Payne & Heard, E. Freeman Leverett, Woodrow Lavender,* for plaintiff in error.

*Williford & Grant, John W. Williford, William F. Grant,* contra.

NICHOLS, Judge. ■ Special grounds 4, 5 and 9 of the condemnor's amended motion for new trial are controlled adversely to the condemnor by the decision of this court in division 2 of the opinion in the case of *State Highway Dept. v. Robinson,*

ante, and special grounds 6, 13 and 14 are controlled by the decision in division 3 of such opinion.

■ Special grounds 7 and 8 of the condemnor's amended motion for new trial are controlled by the decision of this court in divisions 2 and 3 of the opinion in *State Highway Dept. v. Sinclair Refining Co.*, ante.

■ Special ground 10 complains that the trial court erred in admitting evidence that the highway project, for which the condemnee's property was being condemned, was a project in which the Federal government was participating. Counsel for the condemnor contends that while such evidence was ruled out it was done outside the presence of the jury, and that the jury was never instructed to disregard such evidence. Was it harmful to admit evidence that the Federal government was participating in the project? The argument in support of such position is that used in tort cases where evidence that the defendant is indemnified by insurance is introduced, and no authority directly in point, either from this or other jurisdictions, is cited by either party. The condemnor does cite the cases of *Housing Authority of Savannah v. Savannah Iron &c. Works*, 91 Ga. App. 881 (87 S. E. 2d 671), and *Housing Authority of City of Calhoun v. Spink*, 91 Ga. App. 72, 75 (85 S. E. 2d 80). The first case is not authority for such position, for there the question presented was whether the trial court correctly refused to charge on an issue not presented by either the pleadings or evidence. The latter case held that the court did not err in charging that the action was brought under an act of Congress.

Generally, immaterial evidence that is admitted over objection is not ground for a new trial unless such evidence is harmful to the complaining party. "Illegal evidence which is immaterial and not shown to be prejudicial does not require a new trial. See *Williams v. Hamilton*, 30 Ga. 968; *Raleigh & Gaston R. Co. v. Bradshaw*, 113 Ga. 862 (39 S. E. 555)." *Waters v. State*, 80 Ga. App. 559, 560 (56 S. E. 2d 924). Whether the evidence was legal or illegal it was immaterial to any issue being tried, for the sole question presented was what amount of money was just and adequate compensation for the property being taken from the condemnee for a right-of-way. The condemnor con-

tends that the mention of the Federal government participating in the construction of the highway project automatically prejudiced the jury, and that they would therefore return a larger verdict than had the State alone been constructing the highway. Such argument is without merit for the jury consisted of taxpayers to both the State and the Federal governments. Whether the State or the Federal government was paying the judgment it was still being paid out of tax money, tax money paid by the public. To hold that the mention of the Federal government was prejudicial would mean that in all cases where the Federal government acted as condemnee no fair trial could ever be had. This ground of the motion for new trial is without merit.

■ Special ground 11 complains that the trial court erred in admitting evidence, over objection, that one of the witnesses for the condemnor, who had also served as an assessor, had made a return as to the value of the condemnee's property at a much higher value than that given on the trial of the case while on direct examination. When this evidence was admitted the court instructed the jury that such evidence was admitted solely for the purpose of impeachment, and that the value placed on the property by the witness when he was serving as an assessor was not to be considered as evidence of the value of the property. "The court did not err, as contended, in admitting in evidence the return under oath of the appraisers fixing the value of $25 per acre upon the land sought to be condemned, the same being offered in evidence for the purpose of impeaching the testimony of one of the appraisers, given upon the trial of the case, to the effect that the value of the land was only $10 an acre. This witness was allowed to give his explanation as to such alleged inconsistency; and whether or not the signing of such a report under oath should affect his testimony in the minds of the jury was peculiarly a matter for the jury." *Georgia Power Co. v. Hudson*, 46 Ga. App. 206 (3) (167 S. E. 206). In the present case the witness was allowed to explain the alleged inconsistency, and the admission of such evidence over objection solely for the purpose of impeachment was not error.

■ Special ground 12 complains that the trial court erred in

failing to grant the condemnor's motion for mistrial made after counsel for the condemnee asked if a certain tract of property had not sold for in excess of $18,000. The witness responded that he did not know. While, according to the motion for new trial, the property was taken as a part of the same right-of-way being condemned in the present case, and clearly evidence as to what was paid another property owner is not admissible (See *Georgia Power Co. v. Brooks,* 207 Ga. 406 (3), 62 S. E. 2d 183), however, here there was no evidence admitted as to the award in another case for the question asked cannot be considered evidence and the answer, that the witness did not know, did not disclose such evidence. The motion for mistrial was properly overruled, and there is no merit in this ground of the motion for new trial.

■ Special ground 15 complains that the trial court erred in failing to give, without request, a charge which would have limited the condemnee to a recovery of the *land* taken. The property taken was not unimproved real estate but had on it a building and much specialized equipment that had to be dismantled and removed and other equipment that could not be removed and which was lost. The charge given the jury properly covered all the issues in the case and it was not error to fail to charge as now suggested by the condemnor inasmuch as such charge was not adjusted to the issues.

■ The amount of the verdict for the condemnee was authorized by the evidence.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*