## 48165. STATE HIGHWAY DEPARTMENT v. RAINES.

Eberhardt, Presiding Judge. The State Highway Department (now the Department of Transportation) brought condemnation proceedings against 12.899 acres of land owned by John D. Raines and currently used as farm or agricultural land, for the

purpose of extending and enlarging a rest area on Interstate Highway 75 in Turner County. The declaration of taking method was used in acquiring the property, and the estimated value of the tract was paid into court. Condemnee appealed to a jury and a trial was had resulting in a verdict for considerably more than the estimated value. The condemnor appeals from the judgment on the verdict, enumerating as errors (1) the admission of testimony of a witness as to other uses to which the land might be devoted over objection that no foundation had been laid rendering the witness competent to so testify, or to form the basis for the opinion expressed by the witness, (2) admission of testimony of the condemnee relative to his sale some five years previously of a three-acre tract about a mile away from the tract being condemned, which was in the shape of an access road and used therefor, and (3) excluding the condemnee's ad valorem tax return for 1971, tendered for the purpose of impeachment. *Held:*

1. Enumerations of error 1 and 2 go to the same question and are treated together. Condemnee's witnesses, Guy Reinhart and Carl Story, were offered for proving value. Reinhardt testified that he was a farmer, that he owned and operated farm lands and was generally familiar with land values in Turner County. He was asked whether he thought the land being condemned was worth $2,000 for farm and agricultural use and he answered in the negative, but he expressed an opinion that it was worth $2,000 per acre "for development," for "building houses." This testimony was objected to on the ground that (a) the witness had not testified to any facts which would render him a competent witness to testify concerning the economic feasibility of using the land for purposes other than those for which it was currently being used, or to any facts on which his opinion relative to such other uses might rest, nor had he given facts from which it could be deduced that there was a reasonable probability that there would be a demand for the land to be devoted to such other uses, and that his opinion was purely a speculative or conclusory one.

"Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Code § 38-1709. Neither of the witnesses whose testimony was objected to qualified as an expert on the value of lands in the community where the land lies, but "any witness may swear to his opinion or belief, *giving his reasons therefor . . .*" Code § 38-1708. There is a legion of cases holding

that the opinion of an ordinary witness must be founded upon facts testified to, and without giving them his opinion is inadmissible, and this is true even though the witness may state an absolute knowledge of his conclusion. *Howell v. Howell,* 59 Ga. 145 (3). "Though opinions are not generally evidence, yet, when the truth sought to be ascertained is matter of opinion, a witness, not an expert, may give his opinion, *if he states the facts upon which it is based."* (Emphasis supplied.) *Macon & W. R. Co. v. Johnson,* 38 Ga. 409 (5); *Lankford v. Milhollin,* 200 Ga. 512 (3) (37 SE2d 197). "[A] nonexpert witness can not give his opinion unless he also gives the fact or facts upon which he bases his opinion." *Alabama G. S. R. Co. v. Brown,* 140 Ga. 792, 797 (79 SE 1113, AC 1915A 1159). Where an opinion is not supported by facts testified to as the basis for it, it has no probative value and cannot support a verdict. *Gordy Tire Co. v. Bulman,* 98 Ga. App. 563, 564 (106 SE2d 332). These principles apply to testimony given in eminent domain or condemnation cases relative to the value of property just as they do in other cases. They are general principles or rules in the law of evidence.

A careful reading of the testimony of the witnesses Reinhardt and Story, the latter testifying that "I think it could be used as commercial property," and that it had a value of $1,700 per acre, but giving no supporting facts, to which the same objections were made, leads inevitably to the conclusion that the overruling of the objection was error. Neither of them gave facts upon which their opinion was given as to value for use other than as farm or agricultural land, or as to the feasibility for other uses, or facts showing a reasonable probability for a demand therefor. *State Hwy Dept. v. Hodges,* 123 Ga. App. 806, 808 (182 SE2d 485), and cits.

2. The condemnee was allowed to testify, over objection that some five years prior to the condemnation he had sold approximately three acres located a mile away and near a motel located on an interstate interchange, in the shape of and to be used as a private road for affording access to a public road other than the interstate, for $2,500 per acre.

The land condemned lies directly *behind* a rest area already developed alongside the interstate highway. It is separated by a chain link fence from both the interstate and the existing rest area, has no access of its own to the interstate or to any other road, and if developed for some other use would require the construction of an access road for a considerable distance. The

terrain is uneven, rough and it lies over a soft limerock foundation, as shown by other witnesses. On the south side of the property is a borrow pit from which soil was taken for highway construction at some prior time.

Sales of other comparable property may be shown in these proceedings for the purpose of showing value. Where the land sold is comparable, taking into consideration its size, shape and location, and whether the sale is too remote in time to reflect fairly the land values in the area involved is within the sound discretion of the trial judge, but "evidence as to the sale price of real estate in no particular similar or comparable to the property condemned is utterly irrelevant and should be excluded." *Aycock v. Fulton County,* 95 Ga. App. 541, 543 (98 SE2d 133). See also *Rowe v. City Council of Augusta,* 119 Ga. App. 571 (3) (168 SE2d 209). If there is no key furnished by which the trial judge may exercise his discretion in determining the matter of comparability, the evidence should be rejected. *Fulton County v. Cox,* 99 Ga. App. 743, 745 (109 SE2d 849).

The only key appearing here is that both the tract sold and the tract condemned had been used as farm or agricultural land, and the condemnee conceded that the three-acre tract was better for that use than the tract under condemnation. Nothing in the evidence indicates whether land values five years previously were comparable to those obtaining at the time of the filing of this action. It does appear that the three-acre tract was located on an existing road and at an interstate interchange, while the tract being condemned is not. The judge abused his discretion in admitting this evidence. It comes very close to the situation in *Southern Natural Gas Co. v. Waters,* 124 Ga. App. 45 (2) (183 SE2d 45). And see *Adams v. City of Atlanta,* 122 Ga. App. 662 (2) (178 SE2d 291). There should be real comparability of the tracts if the sale price of one is to illustrate the value of the other. It is to be noted that the condemnee himself testified that the value of the tract being condemned was from $1,200 to $1,500 per acre, which is just about half of the sale price per acre received for the three acres. Comparability simply does not appear and the evidence objected to should have been excluded.

3. After the condemnee testified that the land being condemned had a value of from $1,200 to $1,500 per acre, the condemnor tendered in evidence his ad valorem tax returns for the year 1971 on which he had valued the same land at from $45 to $120 per

acre. The returns were objected to and excluded on the grounds that it appeared that the values as to land had been written on the return by someone other than the taxpayer and that no oath had been administered to him. The returns were tendered, not for the purpose of proving the value of the land, but for impeachment of the witness.

Appellee relies on, and it is apparent that the court relied on, our case of *Gruber v. Fulton County,* 111 Ga. App. 71 (140 SE2d 552) to sustain this ruling. In that case the return was tendered for the purpose of proving the value of the land, and for that reason it is distinguishable from the situation here. Indeed, our holding in *Gruber* was that a return on which the values were inserted by someone other than the taxpayer and on which no oath was administered was not admissible *for the purpose of showing value.* There was much discussion relative to the absence of the oath, and we concluded that absent the oath required by statute the return was incomplete and could not be used for proving value, citing *McLendon v. Dunlap Hdw. Co.,* 3 Ga. App. 206, 210 (59 SE 718).

It appears from the condemnee's testimony here that the figures relating to value on his 1971 return were "put on there. I wouldn't say they were put on before I went in. They were not placed on there by me. I do not recall positively who did it. As to whether I gave whoever filled it out the figures, these are what the taxation of the previous year was raised to. I signed the return in the presence of Mr. Shingler, but he did not administer any oath to me." It is apparent that when he went to make his return somebody in the tax office filled in the return for him by copying the figures (as to value) from the previous year's return and that he adopted them by signing it, all as is provided in Code Ann. § 92-6202.1 (Ga. L. 1969, p. 960; 1970, p. 278). The return was thus, under the law as it stood when the return was made, and as it now stands, a valid one. It meets the requirements, which have changed since our decision in *Gruber v. Fulton County,* 111 Ga. App. 71, supra.

Evidence tendered for impeachment purposes need not be of the kind or quality required for proving the facts. For example, the evidence tendered may be generally inadmissible because it is hearsay, but that is not a good ground for excluding it. *American Fidelity & Cas. Co. v. McWilliams,* 55 Ga. App. 658, 660 (191 SE 191); *McKinney v. Pitts,* 109 Ga. App. 866 (3) (137 SE2d 571) *Stubbs v. Daughtry,* 115 Ga. App. 22, 24 (153 SE2d 633); *Sheffield*

*v. State,* 124 Ga. App. 295 (2) (183 SE2d 525).

"A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." Code § 38-1803. There can be no doubt that the condemnee's value of the land as reflected in his tax return is relevant to his testimony on the same subject, and the whole question to be resolved in the trial of the case is that of the value of the lands being taken. Any writing by a party or witness testifying which is in conflict with his testimony is admissible for the purpose of impeachment, e.g., a letter written by the witness fixing value, though written as much as two years prior to the transaction in question, *Reeves v. Callaway,* 140 Ga. 101 (1) (78 SE 717), or a letter written three years prior to a homicide in which statements were made contradictory of those made at the trial, even though directed to a third party, *Beckworth v. State,* 183 Ga. 871 (4) (190 SE 184), and the return of an appraiser in a condemnation case which is contradictory of his testimony on the trial may be introduced for the purpose of impeaching him though it is generally inadmissible. *Georgia Power Co. v. Hudson,* 46 Ga. App. 206 (3) (167 SE 206): *State Hwy Dept. v. J. A. Worley & Co.,* 103 Ga. App. 25 (4) (118 SE2d 298). The appraisal or the award is generally inadmissible, and cannot be introduced for any purpose other than that of impeachment. *Atlanta B. & A. R. Co. v. Smith,* 132 Ga. 725, 727 (64 SE 1073); *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 537 (122 SE2d 317), reversed on other grounds in 217 Ga. 550 (123 SE2d 767).

It is the duty of one who signs a paper which may in any wise affect him, his property or his rights in connection therewith, to read it before signing. *Beckwith v. Peterson,* 227 Ga. 403 (1) (181 SE2d 51). If the writing is completed before he signs it, whether by himself or by another, he is bound by it, absent fraud appearing. *State Farm Mutual Auto Ins. Co. v. Anderson,* 107 Ga. App. 348 (1) (130 SE2d 144). If he signs it leaving blanks to be filled in, he impliedly authorizes it to be done by the party to whom it is delivered. *Kiker v. Broadwell,* 30 Ga. App. 460 (4) (118 SE 759). This is especially true as to a tax return made since the adoption of the Act of 1969 (Code Ann. § 92-6202.1), supra.

Whether the return would be admissible for proving value, in the light of Code Ann. § 92-6202.1, is not necessary for us to decide here. That issue is not before us. But it is unquestionably admissible for the purpose of impeachment, and it was error to exclude it.

*Judgment reversed. Pannell and Stolz, JJ., concur.*
ARGUED MAY 3, 1973 — DECIDED MAY 18, 1973.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Robert E. Sherrell, Deputy Assistant Attorney General, Hugh Wilson,* for appellant.
*Floyd H. Wardlow, Jr., Cheryle T. Bryan,* for appellee.