## 50301. GEORGIA POWER COMPANY v. WRIGHT et al.

WEBB, Judge.

Georgia Power Company in its action in rem appealed the award of the special master to the Superior Court of Irwin County. The jury awarded more than the special master had, and being dissatisfied the power company appealed to this court, charging two errors by the trial court: (1) failure of the trial court to provide a panel of 24 new jurors instead of the panel which included 4 jurors who had been struck by the power company in a previous condemnation case; and (2) allowing a witness for the condemnee to testify on direct examination as to the easement value of the land based upon uses for which foundation had not been laid. *Held:*

The panel of 24 jurors from which the parties were to choose the trial jury included 4 jurors whom the power company had struck in a condemnation case preceding this case. After the panel had been qualified as a whole as to relationship, the power company moved for a new panel because of the presence of those four. A long established rule of the trial court was that a juror once assigned a place on a panel retained that place for the entire term in each case that was called thereafter. The court adhered to its rule, and declined to call a new panel.

The power company argues that because of these four jurors, whom it struck again, it was thus deprived of four of its peremptory challenges. We find no error. Code § 59-704, from an Act approved nearly a century ago (Ga. L. 1878-9, p. 145) provides: "In civil cases . . . in the superior court, each party may demand a full panel of 24 *competent* and *impartial* jurors from which to strike a jury, and when one or more of the regular panel of traverse jurors shall be absent or *for any reason disqualified,* the presiding judge, at the request of counsel for either party, shall cause the panel to be filled by tales jurors to the number of 24, before requiring the parties, or their counsel, to strike a jury." (Emphasis supplied.) There was no challenge to their competence and impartiality, none was disqualified, and

no sound legal basis was advanced as to why these four should not remain on the panel, or, if left on that panel, as to why a new panel should be provided. The power company, in the wisdom of its able attorneys, chose to strike them each time, a right which they had, the exercise of which, however, counted against their peremptory strikes. Simply because the four jurors were struck by the power company in a previous trial did not in itself vitiate their impartiality or competency.

Judge Arthur Powell, one of the progenitors and first judges of this court, said, "A point of legal argument may be well taken, or at least plausible, for one of two reasons, — because of its inherent merit, or because it states a proposition which, while not inherently meritorious, has gained standing by reason of its announcement by some court; for courts do sometimes, if not ofttimes, announce propositions that are not inherently sound, and these unsound announcements may become precedents. As the point here presented is palpably without point, inherently considered, and as no decision from this or any other court is cited in support of it, we are led to believe that its only noteworthy characteristic is its novelty." *Bryant v. State,* 8 Ga. App. 389 (1) (69 SE 121).

There is no merit in this enumeration of error.

2. As to enumeration of error 2, the condemnor places the case squarely upon the holding of this court in *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (199 SE2d 96), that is, that the opinion of an ordinary witness must be founded upon facts to which he testifies. A careful reading of the testimony of witnesses Hudson and Biggers leads to the conclusion that there was no error in overruling the power company's objections. Witness Hudson never stated that he was valuing the land on the basis of any use other than agricultural, which was the use given it by the condemnee, but that in his opinion the property had reasonable potentials for other uses, including housing and golf course expansion, and that such was a factor in his arriving at consequential damages. His testimony showed that he was familiar with the land for the previous ten years, the power line and gas line easements, the Seaboard Coast Line right-of-way through the farm, the public and access roads at the farm,

farms in the area generally, the drain tile on the farm, crop allotments and location of ponds, dwellings and improvements on the farm and adjacent, the industrial tract adjoining the farm, a housing development near the farm, the golf course bordering the farm on the south, uses of property between the farm and the City of Ocilla, generally with the housing and business growths in Ocilla over the past ten years, and that this growth was moving north in the direction of and around the Lloyd Wright farm.

Witness Biggers testified similarly as to his familiarity with the land and the area surrounding, that he was a member of the Ocilla Golf Club and was familiar generally with the golf club property and the need for its expansion, for which the Wright property was suitable, that he was familiar with the growth of the Ocilla area, the lack of suitable residential sites and the need therefor, and that the Lloyd Wright property was suitable for residential or housing sites. The property is located about a mile from the downtown area of Ocilla, there are new dwellings and residential subdivisions in the immediate vicinity, there is a demand for residential property in the Ocilla area, Wright's land is suitable for such, and water and electricity are available, according to the record.

We are of the opinion that these witnesses gave facts upon which to base their opinions not only as to value for uses other than agricultural, but also as to its feasibility for other uses, as well as facts showing a reasonable probability for a demand therefor, and thus the case meets the test laid down in *State Hwy. Dept. v. Raines*, 129 Ga. App. 123, supra.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED MARCH 3, 1975 — DECIDED APRIL 7, 1975.

*Mixon & Mixon, Harry Mixon, Bennett, Pedrick & Bennett, Larry E. Pedrick,* for appellant.

*McDonald, Mills & Chasteen, Ben B. Mills, Jr.,* for appellees.