## 58207. FRANKS et al. v. REESE.

Birdsong, Judge.
Suit on a contract. The appellee Reese is a building

contractor. He entered into a contract with Mr. and Mrs. Franks to improve their home by applying aluminum siding, certain gutters and downspouts, and installing several windows. The work was performed by Reese and two subcontractors. The Franks offered substantial evidence that the work was not performed in a workmanlike manner. Reese offered contradictory evidence that the work was done in a usual and acceptable manner. After the work was completed, it was inspected by a city building inspector who refused to approve the work as being in violation of the building code and as being unfinished. The jury returned a verdict for the contractor Reese. Appellants enumerate as error that the verdict is not supportable as a matter of fact and law because the building inspector would not approve the work. *Held:*

An examination of the contract shows that the parties did not include as a part of the contract that the work demanded by the contract would have to pass inspection by a city inspector. The inspector based his refusal to accept the improvements on the facts that the siding was not firmly attached to the house; that the interior trim was incomplete where the several windows had been installed; that the guttering was not properly joined together at seams; and that aluminum nails had not been used to affix the siding to the exterior walls in lieu of staples. *The building code of Forest Park was not introduced into evidence.* Thus there was no competent evidence that any of the matters relied upon by the inspector were other than his personal opinion that the work was not finished or in violation of the building code. No violations of the building code were established by competent evidence. The evidence was in dispute as to whether there was an original agreement to do any inside work, whether the usual method of affixing the siding was by use of staples, or whether Mr. Franks accepted the work after its completion with an understanding that the gutter joints would be done by someone else at Reese's expense. There was also evidence that the siding was possibly pulled away from the side of the house by Mr. Franks while inspecting the quality of the work. These issues were all presented to the jury for its consideration.

There was no evidence that the work performed was not in accordance with the literal specifications of the written contract.

The contract itself was in writing and provided that Mr. Franks had had the terms and conditions of the contract explained; that he understood them; and that there was no understanding between the parties verbal or otherwise other than that contained in the agreement.

The parol evidence rule fixes the finality of a written contract which is unmixed with fraud respecting the subject matter. It is moreover a rule of substantive law, and though parol evidence be offered without objection, it is, in these circumstances, without probative value to vary the terms of the written contract. *Lyon v. Patterson,* 138 Ga. App. 816, 820 (227 SE2d 423); *Cooper v. Vaughan,* 81 Ga. App. 330, 337 (58 SE2d 453). Appellants have offered no authority for their argument that the refusal to pass a building inspector's inspection can constitute a breach of a contract, where such contract does not have such a provision within its body. We are persuaded that such a conclusion finds no support in the law and we reject it. Evidence that failure to pass a building inspector's inspection was presented, and the jury could have accepted or rejected this evidence.

Appellants do not argue that the verdict is unsupported upon any other theory of insufficiency. We have examined the transcript and find evidence to support the verdict of the jury and the judgment of the courts. There being some evidence to support the judgment, we must and will affirm. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted July 10, 1979 — Decided October 10, 1979.

*K. Van Banke,* for appellants.
*Larry King,* for appellee.