65403. BRAY v. CARLYLE et al.

DEEN, Presiding Judge.

On May 10, 1982, appellant filed an affidavit in garnishment in the State Court of Fulton County and obtained the issuance of a summons of garnishment against Dixie Plywood Company of Atlanta. Appellee filed a traverse to the garnishment, alleging that appellant's affidavit was untrue or legally insufficient. After hearing, the court below sustained the traverse, finding that appellant's affidavit was untrue and legally insufficient because the amount claimed due was not owing, and dismissed the garnishment. This appeal followed.

In its order of August 5, 1982, the court below recounted the pertinent history of the domestic relations of the parties. Their divorce was decreed on May 7, 1976, at which time the Superior Court

of Gwinnett County ordered appellee to pay child support of $25.00 per child weekly. Appellant's affidavit in garnishment, alleging unpaid child support from July 1976 to July 1979, was based upon this order.

In August 1979 appellee brought a petition for contempt in the Gwinnett County Superior Court, regarding visitation privileges, and appellant filed a counterclaim for child support unpaid from May 1976 to September 1979. By order dated September 25, 1979, that court found neither party to be in contempt.

Appellee subsequently brought another petition for contempt, regarding visitation privileges, and again appellant filed a counterclaim for non-payment of child support from May 1976 to July 1979. By order dated July 10, 1980, the superior court held appellant's counterclaim to be res judicata. In another order dated June 9, 1981, the Gwinnett County Superior Court found appellee to be current in his child support payments through the week of June 8, 1981.

The record on appeal consists of the pleadings and orders from the actions discussed above. No transcript of the hearing on the garnishment proceeding was provided.

1. Appellant first asserts that the trial court erred in sustaining the traverse because appellee could not challenge the validity of the judgment upon which the affidavit was based. Appellant correctly asserted that the validity of the judgment could not be attacked at the garnishment proceeding, but appellee still could challenge the existence of such judgment or the amount claimed due thereon. OCGA § 18-4-65 (Code Ann. § 46-403); *Ross v. Ross,* 159 Ga. App. 144 (282 SE2d 759) (1981); *Brodie v. Brodie,* 155 Ga. App. 593 (271 SE2d 725) (1980). This enumeration therefore is meritless, since the court's reason for sustaining the traverse was its finding that appellee did not owe the amount claimed due.

2. Appellant also contends that the court below erred in extending res judicata effect to the Gwinnett County Superior Court's order of July 10, 1980, arguing that the previous court orders finding appellee not to have been in contempt for non-payment of child support did not alone necessarily mean appellee had paid the support monies. In short, appellant seems to argue that the previous orders, particularly that of July 10, 1980, involved the doctrine of estoppel by judgment rather than the more expansive res judicata.

It is unclear whether the court below, in referring to the Gwinnett County Superior Court's order of July 10, 1980, meant to reiterate that previous order's application of res judicata, or to attach some evidentiary value to the order, or merely to note it historically. If the court, as asserted by appellant, did find the matter res judicata

based upon the previous order, it was correct in doing so.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." OCGA § 9-12-40 (Code Ann. § 110-501). Appellant's pleadings in the previous actions placed in issue both appellee's wilful refusal to pay and his non-payment of child support from May 1976 to September 1979. The September 25, 1979, order of the Gwinnett County Superior Court was regrettably ambiguous in that it did not indicate whether its finding of no contempt was based upon proof of actual payment or no showing of wilful refusal to pay, or both. Nevertheless, the court did not grant appellant any relief for the alleged arrearage. The order of July 10, 1980, holding the prior judgment to be res judicata, compounded the ambiguity; however, because appellant apparently never attacked this judgment, she is bound by its terms. *Gallitt v. Buckley,* 240 Ga. 621 (242 SE2d 89) (1978).

Appellant further argues that the court below was unauthorized to find any previous judgment res judicata because it did not have before it the complete records of the previous proceedings. It is true that "if a prior case is to have a res judicata application, the record of the prior case must be introduced in evidence." *Doyal & Assoc. v. Blair,* 138 Ga. App. 314 (226 SE2d 109) (1976); *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90) (1978). That argument, however, would have been appropriately addressed to the Gwinnett County Superior Court's ruling on July 10, 1980, which, again, was not attacked. The records before the court below were sufficient to allow it to determine the issues previously litigated and concluded.

3. Appellant also contends that the court erred in dismissing the garnishment because appellee failed to submit any evidence that he did not owe the child support claimed. We disagree.

The order dated June 9, 1981, of the Gwinnett County Superior Court, on its face declares appellee to be current in his child support obligation through the week of June 8, 1981. Before this court appellant may not for the first time seek to introduce new evidence that may delimit this order. Without more, that order was entitled to some consideration by the court below, and supported its decision to sustain the traverse. Thus, because there is some evidence to support the judgment, we affirm. *Franks v. Reese,* 151 Ga. App. 670 (261 SE2d 420) (1979); *Thompson v. Hill,* 143 Ga. App. 272 (238 SE2d 271) (1977).

Furthermore, appellant's argument regarding the lack of any evidence to support the court's judgment suffers from the absence of

any transcript of the evidence before the court below. Where there is no transcript, or no other requirements of OCGA § 5-6-41 (Code Ann. § 6-805), we may assume as a matter of law that the evidence adduced at the hearing supported the ruling of the court below. *Burgess v. Jones,* 158 Ga. App. 826 (282 SE2d 399) (1981); *Byrd v. Byrd,* 156 Ga. App. 655 (274 SE2d 167) (1980).

4. Because of the above rulings, we need not address appellant's remaining enumerations, which generally involve evidentiary matters.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 29, 1983.

*Glenn H. Strother,* for appellant.
*Glyndon C. Pruitt, Walter M. Britt,* for appellees.