67938. AIKEN v. DEPARTMENT OF TRANSPORTATION.

SOGNIER, Judge.

The Department of Transportation (DOT), pursuant to OCGA § 32-3-1 et seq., condemned 7.829 acres of land in Fulton County owned by Annie Myrtle Aiken as right-of-way for a limited access highway. Aiken appeals from the jury verdict awarding her $125,000 for the property.

Appellant contends the trial court erred when it refused to admit into evidence an affidavit filed by the DOT pursuant to OCGA § 32-3-6 (b) (5) which set forth the sum of money estimated by DOT to be just compensation for the land taken. DOT's petition stated that "[DOT] *stands ready to pay* just and adequate compensation for said right-of-way, easements, and access rights, if any, as described in the Declaration of Taking attached . . . and has deposited in the Court, . . . the estimated just compensation ascertained in accordance with Georgia Laws 1973, pp. 1009-1023, as amended." (Emphasis supplied.) The affidavit attached by DOT, made by land appraiser Terry Miller, stated that "[a]fter said investigation and research, affiant has thus *estimated* that the just and adequate compensation for said parcel, and any consequential damages or benefits considered, is in the amount of $137,560.00." (Emphasis supplied.) At trial, Miller did not testify and the expert witness called by DOT appraised the subject property at $119,860.

(1) Appellant argues that the Miller affidavit constituted a solemn admission in judicio and therefore that the DOT was bound by the $137,560 amount stated in the affidavit. This issue was decided

against appellant in *Morrison v. Dept. of Transp.*, 166 Ga. App. 144 (303 SE2d 501) (1983), in which we held: "the appraisal provided for in Code Ann. § 95A-605 (a) (5) [now OCGA § 32-3-6 (b) (5)] is an 'estimated' amount. If a condemnee is dissatisfied with the amount of compensation as estimated, he may file an appeal. Code Ann. § 95A-610 (now OCGA § 32-3-14). This appeal is in '. . . the nature of a de novo investigation with the right of either party, under the rules of evidence as provided for in the general laws of this State, to introduce evidence concerning: (1) the fair market value of the property taken or other evidence of just and adequate compensation; (2) the prospective and consequential damages to the remaining property by reason of the taking and use of the property for the purposes for which taken. . . .' Code Ann. § 95A-612 [now OCGA § 32-3-16 (b)]. Therefore, since appellants were dissatisfied with the compensation originally estimated by DOT and elected to appeal that issue to a jury, *DOT was not bound by its original estimate* but could present evidence de novo as to fair market value and consequential damages. The record discloses that this is precisely what happened in this case. Where a pleading, in this case DOT's declaration of taking, is in conflict with evidence presented at trial, it will be deemed amended to conform to the evidence. *Summerlot v. Crain-Daly Volkswagen*, 238 Ga. 546 (1) (233 SE2d 749) (1977); *Space Leasing Assocs. v. Atlantic Bldg. Systems*, 144 Ga. App. 320, 326-7 (241 SE2d 438) (1977)." *Morrison*, supra at 145. (Emphasis supplied.) We are not persuaded by appellant's arguments to overrule *Morrison*.

(2) Appellant argues that even if DOT was not bound by the estimate in Miller's affidavit, it was error for the trial court to refuse to admit the affidavit as evidence. We call attention to the fact that appellant did not seek to introduce the affidavit as impeachment evidence because the affiant was not tendered as a witness. Rather, the question is whether the affidavit constituted an admission against interest by the DOT and was thus admissible as an exception to the hearsay rule. Ordinarily, admissions against interest contained in the pleadings are admissible as evidence. See *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980). " 'Admissions of fact in the pleadings can always be taken advantage of by the opposite party, and can be used as evidence even though the pleadings should be stricken or withdrawn [cits.] . . . This rule, however, has application to admissions of fact, and is not applicable where the admission is merely the opinion on the part of the party making it . . .' *Clift & Goodrich v. Mincey Mfg. Co.*, 41 Ga. App. 38 (1) (152 SE 136) (1929). 'An admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact. Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admis-

sions in judicio.' Green, Ga. Law of Evidence (2d ed.), § 238, p. 394." *Ga. Cas. &c. Co. v. Jernigan*, 166 Ga. App. 872, 876 (4) (305 SE2d 611) (1983). The estimation of value in Miller's affidavit attached to DOT's Declaration of Taking was an opinion or conclusion of value required by statute and thus did not constitute an admission of fact which would be admissible against DOT for any purpose in the instant action. *Jernigan*, supra, at 877. The trial court did not err by excluding the affidavit.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

Decided June 6, 1984 —

*John G. Parker*, for appellant.

*J. Matthew Dwyer, Jr., Marion O. Gordon, First Assistant Attorney General*, for appellee.