## 69500. BLACK et al. v. GEORGIA MEMORIAL PARK CEMETERY, INC.
### (325 SE2d 901)

BANKE, Chief Judge.

Separate suits were brought by Edith M. Pearson, widow of Silas L. Pearson, and appellants, who are the nine children of the deceased, seeking actual and punitive damages from the appellee for its alleged

breach of contract and gross negligence in connection with Mr. Pearson's burial in the appellee's cemetery. This appeal is taken from an order granting summary judgment to the appellee with regard to the appellant's claims on the ground that the widow, Mrs. Pearson, was the only person with standing to bring suit. The appellee has moved to dismiss the appeal on the ground that the appellants have improperly sought to consolidate their appeals by falsely representing that there has been an agreement between counsel to allow such consolidation. *Held*:

1. The motion to dismiss is denied. The notice of appeal refers to all nine of the children's suits, as did the summary judgment order which is appealed from. We are aware of no requirement that nine separate notices of appeal be filed in such a situation, where the cases have already been effectively consolidated by the trial court. The appellee's argument that insufficient record has been transmitted to this court to permit proper consideration of all nine appeals does not establish any cause for dismissal but rather constitutes an argument in favor of affirmance of the judgments in question. Accord *Bray v. Carlyle*, 167 Ga. App. 208 (3) (306 SE2d 89) (1983); *Burns v. Barnes*, 154 Ga. App. 802 (270 SE2d 57) (1980).

2. "In this state, an unlawful and unwarranted interference with the exercise of the right of burial is a tort. [Cits.] This right of burial belongs to the surviving spouse of the deceased and devolves upon the next of kin of the deceased only if no spouse survives." *Habersham Memorial Park v. Moore*, 164 Ga. App. 676, 678 (1) (297 SE2d 315) (1982). However, as further noted in *Habersham*, "[t]he courts of this state [also] have recognized a right of recovery for interference with an easement of burial, the property right acquired by the purchase of a cemetery plot. [Cits.]" Id. at 679. Thus where the evidence establishes that part ownership of the cemetery plot has passed to the children upon the decedent's death, the children may assert an accompanying right of recovery for interference with the easement of burial. Id.

In the present case, the deceased's widow has obviously survived him, and it appears that the appellants had no property interest in the cemetery lot, which was purchased jointly from the appellee by Mr. and Mrs. Pearson. Appellants' reliance upon language in the deed referring to conveyance of the property to "the buyer, his heirs and assigns" as showing a property interest in the children is misplaced. Under OCGA § 44-6-24 (a), such words operate to convey an absolute fee simple only in the named purchasers. See, e.g., *Singer v. First Nat. Bank & Trust Co.*, 195 Ga. 269 (24 SE2d 47) (1943); *Baird v. Brookin*, 86 Ga. 709 (12 SE 981) (1891). By his will Silas Pearson left all of his property, both real and personal, solely to his wife. There being no genuine issue of material fact regarding the appellants'

standing to sue, the trial court correctly held that the appellee was entitled to summary judgment against them as a matter of law.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 15, 1985.

*Jimmy W. Jones*, for appellants.
*Robert H. Cleveland, Y. Kevin Williams*, for appellee.