69751. DEPARTMENT OF TRANSPORTATION v. .590 ACRES OF LAND & BRYAN.
(330 SE2d 738)

DEEN, Presiding Judge.

The Georgia Department of Transportation (DOT), appellant

here, sought to obtain for use as a public highway certain land, including the captioned .590 acres which were part of a two-acre tract belonging to appellee Bryan. DOT filed a declaration of taking and deposited with the court the amount estimated, on the basis of an appraisal, to constitute just and adequate compensation. Bryan appealed, and a Troup County jury returned a verdict in his favor for $40,000. DOT moved for a new trial on the general grounds and four special grounds and, upon receiving an adverse ruling from the superior court, has appealed to this court for reversal of the judgment below. *Held*:

1. In its first four enumerations appellant DOT challenges the sufficiency and competency of the evidence to support a verdict in the amount awarded. Our examination of the record before us, including the trial transcript, indicates that sufficient competent evidence was adduced to authorize a reasonable trier of fact, in the exercise of its right and obligation to assign to the various pieces of evidence such weight as it deems proper, to find a verdict in the range of $40,000. Owner/appellee Bryan testified that the loan value of the entire two-acre tract, with existing improvements, four years before the taking and shortly prior to his making certain renovations, was $20,000, as attested by documents showing a loan in that amount from a Troup County savings and loan association. He testified that before the appraiser hired by DOT ever saw the dwelling, it had been gutted by the crew hired to move the house to another part of the tract, and that the appraisal therefore did not reflect the house's true value at the time of the taking. Appellee's son, a construction supervisor, testified that the replacement value of the house was $36,000 but that, allowing for depreciation, its fair market value at the time of the taking was approximately $25,000. He further testified that the depreciated value of other improvements was between $2,000 and $3,100.

We agree with appellant that the testimony of appellee's son was flawed in that he admittedly did not know how depreciation should properly be computed. This flaw in his testimony was pointed out in the presence of the jurors, however, and they were thereby put on notice that, in attempting to ascertain the replacement value of the house and other improvements, the depreciation factor of "close to a third" suggested by the son might or might not be accurate, particularly in view of this witness' statement that he did not know the age of the house or other improvements. The jury heard the testimony of the appraiser called as a witness by appellant to the effect that the value of the entire tract of land for commercial use was approximately $15,000 and that just and adequate compensation for the approximately one-half acre taken, together with improvements, was $16,300. The appraiser assessed the value of the property not taken at $11,200 and opined that that portion of the property had suffered no conse-

quential damages and undergone no diminution in value.

Appellee offered in evidence certified copies of documents reflecting the transfer, contemporaneously with the taking of the subject property, of comparable land situated in the immediate vicinity. By extrapolation from these documents, appellee assigned to the portion of his land which was taken a value of between $5,000 and $6,000. Appellant's assignment of error to the introduction of these documents is without merit because, contrary to the appellant's allegations, the documents were admitted only to show the basis for the witness' opinion. Moreover, we cannot say that the comparability of the neighboring property was not adequately established by the testimony offered.

Appellee offered evidence showing that, whereas he had formerly had direct access to the road on which his property faced, such access had been terminated by DOT so that he now had only indirect access via a side road. He alleged that this change had materially diminished the commercial value of his land. Appellant further offered testimony demonstrating that, whereas the new shopping mall located diagonally across the highway from his property had been visible from the subject property prior to DOT's taking a portion of his land and regrading the roadway and approaches, the mall was no longer visible; nor could the subject property any longer be seen from the mall, thereby further diminishing its commercial value. Appellee also offered evidence regarding the appreciation in value of other nearby properties attributable to the development of the mall.

The jury apparently chose not to accept the appraiser's opinion that the remainder of Bryan's property had sustained no consequential damages, but rather to accept appellee's evidence as to the diminution in value of that portion of the original tract, and to conclude that appellee was due a greater amount in compensation than that urged by the appellant/condemnor. It is the condemnor who has the burden of proving by a preponderance of the evidence what he asserts to be the value of land that is taken or adversely impacted by the taking. *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (140 SE2d 109) (1964). Although the amount awarded by the jury was notably greater than the figure advocated by appellant, we cannot say that the jury was not authorized to make an award in the $40,000 range. "Whether there is any evidence that would support the finding of the verdict is a question of law." *Thompson v. Hill*, 143 Ga. App. 272, 276 (238 SE2d 271) (1977). "There being some evidence to support the judgment, we must and will affirm." *Franks v. Reese*, 151 Ga. App. 670, 672 (261 SE2d 420) (1979).

2. The statement to which appellant objects in his fifth enumeration of error is as follows: "Well, I just . . . don't agree to the assessment, . . . they had already offered me more for it and I turned that

down." Counsel for appellant immediately objected to the testimony and moved for a mistrial. The court instructed the jury to disregard the testimony and denied the motion for a mistrial on the ground that no amount was mentioned and therefore no harm done. The trial court's curative instruction, coupled with the fact that no figure was actually mentioned, rendered the testimony harmless. This enumeration is without merit.

3. In its sixth enumeration appellant assigns as error the denial of its motion for mistrial predicated on the challenged testimony, supra. The trial court has broad discretion in ruling on motions for mistrial. See, e.g., *Williams v. Douglas County School Dist.*, 168 Ga. App. 368 (309 SE2d 386) (1983). In the instant case our conclusions in Division 2, supra, make it clear that the trial court did not abuse its discretion in refusing to order a mistrial on the basis of testimony that was arguably improper but, in the circumstances, harmless. Where no harm is shown, the court does not abuse its discretion in denying a motion for mistrial. Id.

4. We are not persuaded by the record that the appellant in the case *sub judice* filed the instant appeal frivolously. We therefore deny appellee's motion for additional damages.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1985 —
REHEARING DENIED APRIL 17, 1985.

*Thurman E. Duncan, Special Assistant Attorney General, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, William C. Joy, Senior Assistant Attorneys General,* for appellant.
*Alfred F. Zachry,* for appellee.