A91A0732. DEPARTMENT OF TRANSPORTATION v. GEORGE.
(414 SE2d 307)

Judge Arnold Shulman.

The Department of Transportation (DOT) condemned approximately 0.08 acres of land owned by the appellee and acquired both a permanent slope easement and a construction easement on her remaining property, all for the purpose of expanding Highway 42 in Henry County. The appellee operated a western supply business on the property and also maintained residential and office space there which she leased to others. Before the taking, vehicular access to the property was unlimited both along Highway 42 and along Lane Road, an intersecting street. After the taking, the appellee's front parking lot was virtually eliminated, and access to and from Highway 42 and Lane Road was impaired by curbing. The appellee appealed to a jury on the issue of compensation, and the jury awarded her $280,000. The DOT brings this appeal from the judgment entered thereon.

1. The DOT contends that the trial court erred in refusing to declare a mistrial based on the conduct of the appellee's counsel in revealing to the jury the amount which the DOT had paid into the registry of the court at the time of the taking. This occurred during cross-examination of the DOT's appraiser, who had testified on direct examination that the value of the property taken was $114,500 but who had previously executed an affidavit in connection with the declaration of taking valuing the property at $103,000. The DOT objected to the appellee's questioning the witness regarding this discrepancy; and during the ensuing colloquy, the appellee's counsel defended this line of cross-examination on the ground that the DOT had based its original estimate of compensation on the appraiser's affidavit.

The questioning itself was clearly permissible, it being well settled that "the return of an appraiser in a condemnation case which is contradictory of his testimony on the trial may be introduced for the

purpose of impeaching him though it is generally inadmissible." *State Hwy. Dept. v. Raines*, 129 Ga. App. 123, 128 (199 SE2d 96) (1973). See also *Atlanta Recycled &c. Co. v. Tri-Cities &c. Co.*, 152 Ga. App. 259 (1) (262 SE2d 554) (1979). While the remark concerning the amount paid by the department into the registry of the court at the time of the taking may not have been proper, we note that up until only a few years ago such information was allowed to go out with the jury. See *Department of Transp. v. Gunnels*, 175 Ga. App. 632 (4) (334 SE2d 197) (1985), rev'd on other grounds, 255 Ga. 495 (340 SE2d 12) (1986). See also *Aiken v. Dept. of Transp.*, 171 Ga. App. 154 (1) (319 SE2d 58) (1984). Considering all of the circumstances, we do not consider this isolated remark to have been so prejudicial as to have demanded the declaration of a mistrial. See generally *Department of Transp. v. .590 Acres of Land & Bryan*, 174 Ga. App. 589 (3) (330 SE2d 738) (1985).

2. The DOT contends that the trial court erred in denying its motion to strike certain testimony concerning business losses which the appellee had sustained during the period of construction. "[E]vidence of *any* business losses which result in a diminution of the value of a condemnee's business is admissible. However, evidence of temporary loss of business is admissible not for the purpose of recovering for the temporary loss of business but for the limited purpose of demonstrating fair market value of the land not taken immediately after the taking." *Buck's Svc. Station v. Dept. of Transp.*, 259 Ga. 825, 827 (387 SE2d 877) (1990). "It is up to the trier of fact to determine whether the business losses suffered as a result of a temporary easement were a mere inconvenience or whether they resulted in a diminution of the value of the condemnee's interest in the land not taken." Id. Accordingly, the trial court did not err in admitting this evidence.

3. The DOT contends that because it was established without dispute that the appellee had continued to operate her business at the same location after the taking, the trial court erred in giving the following charge: "If you find that there will be a total destruction of the business at its present location and that the property is unique, then you would be authorized to determine the amount of just and adequate compensation for business losses. This amount would be separate from and in addition to the actual damages and the consequential damages, if any."

If a business is not totally destroyed but continues to operate on the remaining property, business losses cannot be recovered as a separate item of damage but may be considered in determining the fair market value of the remainder. See *Buck's Svc. Station v. Dept. of Transp.*, supra; *Department of Transp. v. Dent*, 142 Ga. App. 94 (3) (235 SE2d 610) (1977). If the business is totally destroyed, evidence of

the resulting loss can be considered by the jury as a separate item of damages, provided the property is unique and the business was operated by the property owner. See *Bowers v. Fulton County*, 221 Ga. 731, 739 (146 SE2d 884) (1966); *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980).

There was at least some evidence in this case that the appellee's property was uniquely suited to the purposes for which she was utilizing it; and there was also evidence that because of the changes resulting from the taking, she would be unable to continue in business at that location unless she demolished the existing building and constructed a new one so as to provide adequate space for customer parking. A business analyst testified that before the taking the business was earning between $22,000 and $56,000 per year but that during the seven months immediately after the taking it had lost in excess of $25,000. The appellee testified that she had continued to operate the business at the same location subsequent to the taking on a temporary basis, in hopes of recovering sufficient funds in the present proceeding to enable her to start construction of a new building. There was evidence that construction of a new building would take approximately one year, that the business would cease to operate during that period, and that it would take an additional year for the new business to become profitable. We conclude that this evidence was sufficient to support a finding by the jury that the appellee's existing business was totally destroyed as a result of the taking, and we accordingly hold that the trial court did not err in giving the charge in question. We note, however, that the jury's verdict could not, in any event, have included an award of damages for total destruction of the appellee's business as an "amount separate from and in addition to the actual damages and the consequential damages," for the appellee's financial expert testified that her business was worth $280,000 before the taking, and by the DOT's own reckoning the land taken was worth $114,500. Thus, the charge in question would not appear to have been harmful to the DOT.

4. The DOT contends that the trial court erred in allowing its project engineer to be cross-examined about the size of a neighboring driveway. However, the witness's response was that he was unfamiliar with the dimensions of the driveway in question and therefore could not answer the question. Consequently, this questioning, if improper, was harmless.

5. The DOT contends that the trial court erred in admitting evidence regarding the changed access to the property and in charging the jury that the appellee could be compensated for her loss of access. "The right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right with-

out just and adequate compensation being first paid." *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905) (1975). There was evidence that the appellee had unlimited access both to Highway 42 and to Lane Road before the taking and that such access was critical to her business because her customers often drove tractor-trailer trucks or horse trailers requiring extensive room to maneuver. The evidence further established that after the taking the appellee's access to Highway 42 and to Lane Road was limited to a 20-foot driveway. This evidence was admissible under *MARTA v. Datry*, supra, and the court's charge on the issue of impairment of access was therefore authorized. See also *DeKalb County v. Glaze*, 189 Ga. App. 1 (1) (375 SE2d 66) (1988).

6. The DOT contends that the trial court erred in admitting into evidence a tape measure which the appellee's attorney had utilized during the trial to illustrate certain points. As it is not apparent how this evidence could possibly have harmed the department, this enumeration of error establishes no ground for reversal.

7. The appellee has moved this court for imposition of a penalty against the DOT pursuant to OCGA § 5-6-6 for pursuing a frivolous appeal. While we have determined that the appeal is not meritorious, we cannot agree that it was so palpably without merit as to demand the conclusion that it was filed for purposes of delay only. Consequently, the appellee's motion is denied. See *Great Atlantic &c. Co. v. Burgess*, 157 Ga. App. 632 (4) (278 SE2d 174) (1981).

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Beasley and Cooper, JJ., concur. Carley, P. J., and Andrews, J., dissent.*

CARLEY, Presiding Judge, dissenting.

The majority, finding no reversible error, affirms the judgment in this condemnation action. In my opinion, numerous errors mandating a new trial were committed by the trial court. Accordingly, I must respectfully dissent.

1. In Division 1, the majority finds no reversible error in the refusal to grant a mistrial when counsel for appellee-condemnee revealed to the jury the amount which appellant-condemnor had paid into the registry of court at the time of the taking. The record shows that, at trial, condemnor's expert testified that, in his opinion, the value of the property was $114,500. If condemnor's expert had previously reached an opinion as to value which was *higher* than $114,500, then his previous *opinion* would clearly be admissible to impeach his trial testimony that the value of the property was *only* $114,500. See *State Hwy. Dept. v. J. A. Worley & Co.*, 103 Ga. App. 25, 28 (4) (118 SE2d 298) (1961); *Georgia Power Co. v. Hudson*, 46 Ga. App. 206 (3) (167 SE 206) (1932). However, that is *not* what occurred in the in-

stant case. Condemnee revealed to the jury that the *amount of estimated just and adequate compensation* that condemnor had previously paid into the registry of court was *less* than the *opinion* as to value expressed by condemnor's expert at trial. That the original *amount of estimated just and adequate compensation* was $103,000 is certainly *not* relevant as impeaching of the trial *testimony* of condemnor's expert that the property had a *higher* value of $114,500. Its only effect would be to prejudice condemnor, tending to intimate an attempt to have secured condemnee's property for less than its true value. Under these circumstances, it is my opinion that the prejudicial reference to the *amount of estimated just and adequate compensation* warranted the grant of a mistrial: " ' "An appeal (in a condemnation by declaration of taking) is a trial de novo on the question of compensation, and it is the function and duty of the jury to pass upon the issues independently of the (estimate of just and adequate compensation). [Cit.]" [Cit.]' [Cit.]" *Department of Transp. v. Gunnels*, 175 Ga. App. 632, 636 (4) (334 SE2d 197) (1985), rev'd on other grounds, 255 Ga. 495 (340 SE2d 12) (1986). "There was no reason why the [amount of estimated just and adequate compensation] should have been before the jury. The question submitted to them for solution was to be determined by them independently of the antecedent action of the [condemnor]. The jury had to ascertain, under the evidence submitted to them, the value of the land and the amount of damages. The [amount of estimated just and adequate compensation] could not have been evidence for their consideration." *Atlanta, Birmingham &c. R. Co. v. Smith*, 132 Ga. 725, 727 (1) (64 SE 1073) (1909). "Placing the [amount of estimated just and adequate compensation] in evidence on a trial before the jury is impermissible. [Cits.] This [comment by condemnee's counsel], not warranted by the evidence, constitutes an impairment of the right to a fair trial, nothing else appearing. [Cits.]" *State Hwy. Dept. v. Cantrell*, 119 Ga. App. 241, 242-243 (1b) (166 SE2d 604) (1969). "Nothing else appearing" in the instant case, such as curative instructions, it follows that condemnor was denied a fair trial and that the judgment must be reversed. Compare *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, 470 (71 SE 903) (1911); *State Hwy. Dept. v. Cantrell*, supra at 243 (1b).

2. In Division 2, the majority finds no error in the denial of condemnor's motion to strike certain testimony concerning business losses which condemnee had sustained during the period of construction. As the majority notes, it is a correct principle of law that "evidence of *temporary loss* of business is admissible *not* for the purpose of recovering for the temporary loss of business but for the *limited purpose* of demonstrating *fair market value of the land not taken* immediately after the taking." (Emphasis supplied.) *Buck's Svc. Sta-*

*tion v. Dept. of Transp.*, 259 Ga. 825, 827 (2) (387 SE2d 877) (1990). In the instant case, one of condemnee's other witnesses did give an ultimate opinion of the fair market value of the remainder of condemnee's property after the partial taking. Accordingly, I agree that the testimony as to temporary business losses was admissible for the "limited purpose" of demonstrating *the fair market value of the remainder immediately after the taking.*

In Division 3, however, the majority finds that a charge on the recovery of business losses as a *separate element* of compensation was *also* authorized. "When the business belongs to the landowner, *total destruction* of the business at the location must be proven before business losses may be recovered as a separate element of compensation. [Cit.]" (Emphasis supplied.) *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980). The undisputed evidence of record shows that condemnee's business was *not* totally destroyed. *Department of Transp. v. Kendricks*, 148 Ga. App. 242, 244 (1) (250 SE2d 854) (1978); *Department of Transp. v. Dent*, 142 Ga. App. 94, 95 (3) (235 SE2d 610) (1977). Accordingly, business losses were clearly *not* recoverable as a separate element of compensation and a charge on that issue should not have been given. Since condemnee's business was damaged but not destroyed, she was *limited* to recovering for the diminution in the fair market value of the remainder. *Buck's Svc. Stat. v. Dept. of Transp.*, supra at 827 (2). "[T]he charge was not supported by evidence since the business continued to operate at the same location. . . . Because it was not adjusted to the evidence, the jury instruction was erroneous. [Cit.]" *Department of Transp. v. Dent*, supra at 95 (3).

3. In Division 4, the majority holds that, *if* improper, cross-examination of condemnor's witness regarding a driveway on neighboring condemned property was *harmless*. Since, in my opinion, the instant case must be reversed, I would hold that the questioning *was* improper and if, upon retrial, condemnee again attempts to pursue that irrelevant topic, an objection to the relevancy thereof should be *sustained*.

4. In Division 6, the majority finds no error in admitting into evidence the tape measure that condemnee's expert had used to illustrate certain points during his testimony. However, the tape measure itself was not relevant to any issue at trial and, insofar as condemnor did not seek to admit any irrelevant measuring devices, the jury may have been given the erroneous impression that the *testimony* of condemnee's expert was more credible simply because it had been "corroborated" by tangible evidence in the form of the tape measure. The erroneous admission of this irrelevant evidence may not be an independent ground for reversal. However, since, in my opinion, the instant case must be reversed, I would hold that if, upon retrial, an

objection to the admission of the irrelevant tape measure is raised, that objection should be sustained.

DECIDED DECEMBER 4, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 — 

*Michael J. Bowers, Attorney General, Bolton & Park, Jack L. Park, Jr.,* for appellant.

*Smith, Welch & Studdard, A. J. Welch, Jr., J. Mark Brittain,* for appellees.